Samuel C. Colemah, J.
“ This is an action brought by the bailors of a truck, loaded with goods, against the bailee, a garage-keeper for damages resulting from the failure of the garage-keeper to redeliver the merchandise on the truck although the truck itself was redelivered” (Berger v. 34th St. Garage, 274 App. Div. 414).
The jury’s verdict has established both the plaintiffs’ right to recover and the value of the merchandise in the truck. What was left for me to determine was whether the amount so found should stand as the measure of defendant’s liability or whether the verdict should be reduced to a smaller amount. The question arises in this manner: Plaintiff was an expressman who had gathered merchandise from various shippers to be delivered by him to steamship piers and railroad terminals. He had received the merchandise under documents which limited his liability to each shipper to $50. The truck with its contents was delivered to the garage-keeper defendant for safekeeping overnight but the contents disappeared. This action was brought by the expressman, for the benefit of the shippers, to recover the full value of the goods. May the garage-keeper claim for himself the limited liability of the plaintiff toward the shippers of the goods? The question arises pointedly because of the *299 decisions of the Appellate Division in this case (274 App. Div. 414) and in Schoeffer v. United Parcel Serv. (277 App. Div. 569).
The effect of the two decisions is as follows: Under the Berger decision the plaintiff stated a case that would permit recovery of the full loss by reason of the fact that he was bailee in possession. Under the Schoeffer case the garage-keeper was free to show that because of its identification with the purposes of the bailment its liability would not exceed the liability of the expressman.
It seems to me that the defendant has done so. The goods, as I have said, had been entrusted to the plaintiff to be delivered by him to common carriers. This might be done during the very day when the goods were received or the next day, depending upon the lateness of the hour or the volume of the merchandise received. If to be delivered the next day obviously the merchandise was to be taken care of by the expressman in his own way; — in his own warehouse or another’s; in one garage or another. The shippers were aware of this and, of course, offered no objection to the practice; indeed, it was a matter of unconcern to them. Plaintiff availed himself of the defendant’s garage for overnight storage. In doing so he engaged the services of the garage-keeper to further the purposes of the bailment; it was the plaintiff’s job as bailor, to safeguard the merchandise overnight, and he chose the normal, expected means.
The activities of the garage-keeper do not differ from those of the deliveryman in the Schoeffer case or those of the stevedoring company in Collins & Co. v. Panama R. R. Co. (197 F. 2d 893). In the Schoeffer case the plaintiff had delivered a mink coat to a furrier, to be cared for by him and to be returned to her on request. The furrier had engaged the defendant, a delivering service, to deliver the coat, which was lost in transit. The defendant was given the benefit of the limited liability clause in the contract between the plaintiff and the furrier. In the Collins case a freezing unit was transported by ocean carrier from California to Panama under a declared value of $500; the steamship company employed the defendant, a stevedoring company, to unload it at the port of destination and through the defendant’s negligence the unit fell into the sea. The defendant was held to no more than the declared value.
The defendant in this case was not an interloper or stranger to the baihnent as those terms were used in the Schoeffer ease. It was not asserting any right of possession to the merchandise adverse to the plaintiff or to the shippers, nor did it commit *300 larceny of the merchandise. Nor is this a case of one whose truck negligently damaged the plaintiff’s truck and its contents on a highway—a stranger. The defendant was the chosen agent to enable the plaintiff to discharge his own responsibility to the owners of the goods — the plaintiff’s own servant, and as such an agent he shares the privilege of the expressman’s limited liability to the owners of the goods, whether suit is brought directly by the owners or by the plaintiff acting for them. The liability as limited was agreed to be $1,350 and the verdict will be reduced to that amount. The plaintiffs will have judgment on the verdict as reduced.