972

■ LILLIAN BERNSTEIN, Respondent, v. HIALP REALTY CORP., Appellant. — Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, J. P., Rabin, Frank, Valente and Bergan, JJ.

■ C. L. R. REALTY CO., INC., Appellant, v. S. F. S. REALTY CORP. et al., Respondents.— Judgment and orders unanimously affirmed, with costs to the respondents. No opinion. Concur — Botein, J. P., Rabin, Frank, Valente and Bergan, JJ.

■ In the Matter of B. G. L. V. Co., Appellant, against TEMPORARY STATE HOUSING RENT COMMISSION, Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, J. P., Rabin, Frank, Valente and Bergan, JJ.

■ In the Matter of B. G. L. V. Co., Appellant, against ROBERT C. WEAVER, as State Rent Administrator, Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, J. P., Rabin, Frank, Valente and Bergan, JJ.

■ FRANK DELANEY, Respondent, v. MICHAEL P. GRACE, II, Appellant.— We regard the plaintiff's verdict of $13,000 for legal services excessive in the light of the record upon which it rests. The services are asserted to have been rendered in a three-month period between January 22 and May 2, 1955. Large segments of plaintiff's testimony are addressed to generalities relating to conversations with defendant and ideas and economic suggestions expressed by plaintiff in these conversations. Much of the factual narrative of his services is expressed in broad conclusions and it is difficult to see in the record a clear presentation of just what legal work plaintiff did for defendant that may fall within any well-understood conception of professional services. The brief filed by plaintiff in support of the judgment throws no light on the subject. The only specification in support of the judgment is an enigmatic sentence in plaintiff's brief beginning: "The following matters were presented to plaintiff-respondent in varying degrees of accuracy of fact:", and containing a generalized list of a group of very broad subjects thus "presented". Our view of excessiveness, however, is based on and limited to the record as it comes to us. In view of the circumstances existing at the time of trial, the ruling of the court excluding the offer by defendant's counsel of defendant's own deposition taken as an adverse party before trial by the plaintiff, and not used by plaintiff on the trial was correct. Judgment unanimously reversed and a new trial ordered, with costs to abide the event. Concur — Botein, J. P., Rabin, Frank, Valente and Bergan, JJ.

■ HILDA BERGER et al., Doing Business as J. B. EXPRESS COMPANY, as Successors in Interest to LOUIS BERGER, Deceased, et al., Doing Business as J. B. EXPRESS Co., Appellants, v. 34TH STREET GARAGE, INC., Respondent.— Judgment, so far as appealed from, unanimously affirmed, with costs. No opinion. Concur — Botein, J. P., Rabin, Frank, Valente and Bergan, JJ.

■ In the Matter of the Accounting of CITY BANK FARMERS TRUST COMPANY, as Trustee of the Trust under Subdivision (3) of Clause Ninth of the Will of FREDERICK A. ROSS, Deceased, Respondent. HELEN R. FOOTE, Appellant.— Decree, so far as appealed from, unanimously affirmed, with costs. No opinion. Concur — Botein, J. P., Rabin, Frank, Valente and Bergan, JJ.

■ In the Matter of CORRINE DAZEY, Petitioner, against ISADOR LUBIN, as Industrial Commissioner of the State of New York, Respondent.— Determination unanimously confirmed, with $50 costs and disbursements to the respondent, and the petition dismissed. No opinion. Concur — Botein, J. P., Rabin, Frank, Valente and Bergan, JJ.