Per Curiam.

Although the shipments here involved were eventually destined for consignees outside the State, they were turned over to the defendant in New York City for delivery to consolidators or designated agents in New York City only. Therefore, defendant was engaged as a carrier in the transportation of property ‘ ‘ wholly within” the City of New York. *960 Since it is not alleged that the merchandise moved “under a common control, management, or arrangement ’ ’ for a through shipment, defendant is an exempt carrier pursuant to the Interstate Commerce Act (U. S. Code, tit. 49, § 303, subd. [b], par. [8]), and may, therefore, limit its liability.
The bill of lading, issued by defendant, is complete and unambiguous and limits potential liability to $50 per shipment. It also explicitly precludes any parol modification thereof. Further, although plaintiff alludes to alleged prior conversations between the parties, there is no claim that the extent of defendant’s liability in the event of loss was agreed to be other than as set forth in the bill of lading.
In any event, this action which was not instituted until August, 1963, almost two years after the last shipment involved, is barred by clause 6 of the bill of lading’s “ Terms and Conditions of Agreement.” That clause limits the time in which to institute suit to 12 months after the cause of action arose. Plaintiff’s answering papers in the court below failed to meet defendant’s claim that the action was time-barred under this clause. While the date of loss may not be the same as the date of shipment, plaintiff’s contention, upon this appeal that the merchandise could have been mislaid for six months to a year before being declared lost is unsupported speculation. It should also be noted that the complaint asked for interest from January 1, 1962, indicating a belief by plaintiff that its cause of action arose at or about that date, almost 20 months prior to commencement of this suit.
Since there are no triable issues of fact, the order should be reversed, with $10 costs, and defendant’s motion for summary judgment granted.
Concur — Hecht, J. P., Tilzeb, and Hofstadteb, JJ.
Order reversed, etc.