James H. Boomer, J.
When a school district undertakes to provide transportation for students it has a duty to transport them safely. But does that duty extend to a situation where a student, walking home from a bus stop, is struck by a truck while she is crossing an intersection some distance from the bus stop ? This question is presented on the motion of the city school district for a nonsuit at the end of the plaintiffs’ case.
The proof shows that the school district had adopted an open enrollment program whereby it permitted students attending certain schools to transfer to other schools in the district farther from their homes. As a part of the program it provided bus service for the students through a contract with the bus company. Door to door service was not provided. Instead the school district' established bus routes, designated bus stops, and assigned each student to a bus stop where he or she was to board the bus in the morning and be discharged in the afternoon.
The infant plaintiff, Lorraine Pratt, a first grade student seven years of age, was assigned to a bus stop several blocks from her home and one block west of Plymouth Avenue South. She lived on Edith Street, east of Plymouth Avenue South, and had to cross Plymouth Avenue South to get to and from the bus stop.
On the afternoon of April 10, 1970, Lorraine left the bus at her stop and walked one block east along Columbia Avenue to Plymouth Avenue South and while attempting to cross Plymouth Avenue South, she was struck by a truck. Plymouth Avenue South is a main thoroughfare and there was no traffic signal or traffic guard at the corner where Lorraine attempted to cross.
The plaintiffs contend that the defendant school district was negligent in establishing the bus stop at a point east of Plymouth Avenue South, thus exposing the infant plaintiff to a hazardous crossing of Plymouth Avenue South.
No case has been brought to my attention extending the responsibility of a school district, in discharging students from a school bus, beyond the immediate vicinity of the place of discharge. Nor has any case been found holding the school district responsible for failing to provide school crossing guards for students who have to cross busy intersections while walking to and from school. In McDonald v. Central School Dist. No. 3 (289 N. Y. 800) the school district was found liable for injuries received by a student who crossed in front of the school bus *511 and was struck by an automobile approaching the bus from the rear. But this liability was predicated upon the control the school district attempted to exercise over the students after they left the bus, for the district had established a rule that students were to cross in front of the bus.
Now, by statute (Vehicle and Traffic Law, § 1174, subd. [b]), a driver of a school bus, when discharging pupils who must cross the highway, must instruct pupils to cross in front of the bus and must keep the bus halted with red signals flashing until the pupils have reached the opposite side of the roadway. But there is no statute or rule requiring the school district to furnish door to door transportation (see Matter of Hickey, 5 Ed. Dept. Rep. 165, and cases there cited). A city school district need not provide transportation for pupils, regardless of the distance they live from the school (Education Law, § 3635); but even in the case of other school districts where transportation is required by law 1 ‘ a school district may require a child in the elementary grades to walk a distance of up to two miles, and a child in the secondary grades to walk a distance of up to three miles, to an authorized pickup point.” (Matter of Hickey, supra, p. 166). There is no statute or rule imposing any duty upon the school district to avoid the accident that befell the plaintiff Lorraine.
The common-law duty of a school district is most generally predicated upon control. While the students are upon school grounds, engaged in school activities, or being transported in school buses, the school is in control of the students. While the students are walking to and from school, control, if necessary, must be exercised by the parents. No one can seriously contend that the school should be responsible for the safe passage of every child who walks to and from school. I can see no logical distinction between the responsibility of the school district for the safety of school children while walking home from school and its responsibility for their safety while walking home from a designated bus stop. In considering the liability of a school district, the designated bus stop is no more than an extension of the school grounds. A school district, in my opinion, fulfills its duty when it discharges the student in a safe location at a bus stop, and complies with the statute establishing a duty owing to the children crossing the street at the point of discharge.
Exceptional circumstances may exist, for instance, where a bus driver substantially deviates from the route and discharges a student of tender years at a location far from home. In such a case the parent has been deprived of the opportunity to con *512 trol Ms cMM. But that is not the case presented here. The parent was aware that his child had to cross Plymouth Avenue South and he had at times driven her to the bus stop. He did not claim or prove that he was deprived of the opportunity to see her safely across Plymouth Avenue South. It appears that, knowing the situation, he relied upon his daughter’s older brother to see her safely home.
It may be that it was within the power and discretion of the school district to establish the bus stops so as to reduce the number of streets the infant plaintiff had to cross. But, “ Courts and juries are not to say [municipal corporations] shall be punished in damages for not giving to the public more complete protection; for * * * that would be to take the administration of municipal affairs out of the hands to which it has been entrusted by law.” (Lansing v. Toolan, 37 Mich. 152, 154, as quoted by the Court of Appeals in Weiss v. Fote, 7 N Y 2d 579, 584).
To paraphrase a statement made by the Court of Appeals in Lawes v. Board of Educ. of City of N. Y. (16 N Y 2d 302, 304), if a school district is to become liable (to a pupil struck by a vehicle while crossing a street some distance from a school bus stop) the rule governing such responsibility should be laid down clearly and be precise enough to be generally understood in the schools. The Legislature has determined it necessary to impose specific duties upon school bus drivers when discharging pupils who must cross the highway at the point of discharge (Vehicle and Traffic Law, § 1174, subd. [b]). Any extension of the liability of a school district in furnishing transportation to pupils, if desirable, can more properly be directed by the Legislature which can impose clear, precise and specific duties upon the school district.
I have granted the motion of the defendant school district, made at the close of the plaintiffs’ proof and renewed at the end of the trial, for judgment in favor of the defendant school district.