■ YVES ST. LAURENT, Respondent-Appellant, v AIR FREIGHT TRANSPORTATION CORP. OF NEW JERSEY, Appellant-Respondent. — Order of the Supreme Court, New York County (Greenfield, J.), entered October 23, 1980, wherein the defendant appeals from so much of the order as denied its motion to grant

partial summary judgment in favor of the plaintiff on the issue of liability but limited to $100, and the plaintiff cross-appeals from that portion of the order as denied his motion for an order dismissing the defendant's second affirmative defense, modified, on the law, to reverse and grant the defendant's motion, with costs, and the cross appeal is dismissed as academic, without costs. Two containers of clothing, which were the property of the plaintiff and its affiliates, were shipped from Paris to Kennedy Airport aboard Seaboard World Airlines. They were then taken by plaintiff's custom broker and freight forwarder, Harlo Air Cargo, which cleared them through customs and hired the defendant, a motor truck carrier, to transport the containers to a warehouse in New Jersey. Harlo had been the shipping agent of the plaintiff for five years and had engaged the defendant on behalf of the plaintiff and others several thousand times during the 14 years they had done business together. As was customary between the parties, the defendant was notified that shipments were to be picked up at J.F.K. Airport, and were to go to a warehouse in Secaucus, New Jersey. Defendant carrier signed the pickup order and while proceeding to the warehouse, the entire shipment was hijacked. Though the defendant, Air Freight Transportation Corp. of New Jersey, is an I.C.C. carrier, subject to the rules and regulations of section 301 of title 49 of the United States Code (revised § 10521 *et seq.*), that and all other shipments carried within the exempt zone of New York City (pursuant to § 303), moved on the pickup orders issued by Harlo only. These pickup orders specifically authorized Harlo to engage carriers with a $50 limitation for liability and the defendant's invoice to Harlo bore the legend: "The liability of Airfreight Transportation Corp. is limited to $.50 per pound subject to a $50 maximum per shipment unless a higher valuation is declared to * * * Airfreight Transportation Corp. and charges for such greater valuation paid." Inasmuch as the defendant was engaged solely within the commercial zone, and the goods did not move under "common control, management, or arrangement for a continuous carriage" (§ 303, subd [b], par [8]), the fact that the defendant was an I.C.C. regulated carrier does not mean that the Interstate Commerce Act tariff provisions apply *ex proprio vigore* (11 Syracuse L Rev 171, 180). In situations where the Interstate Commerce Act exempts certain carriage, such as by ocean or as in this case, wholly within an exempt zone, the carrier may restrict its liability. (Cf. *Union Pacific R. R. Co. v Burke,* 255 US 317, 322; and see *Strickland Transp. Co. v Brown Express,* 321 SW2d 357 [Tex]; *Borough Express v Schoenbaum & Hermelin Express,* 46 Misc 2d 959.) The defendant conducted business differently for those shipments moving within the exempt zone, as evidenced by the rate charged; $8.75 for first carton and $2.25 for each additional carton. Shipments outside the exempt zone were charged according to the filed tariff rate of $7.50 for first package and a variable rate thereafter. Indeed, carriage rates by defendant for Harlo were negotiated separately for plaintiff's business. Though agreements where the shipper has not been given any choice as to the carrier's restriction on liability are invalid (*Gruen Inds. v Downing & Co.,* 21 AD2d 643; 7 NY Jur, Carriers, § 198), this was not the situation here. As noted, the rate was negotiated between Harlo and defendant separately and each and every invoice bore the notation that liability was limited to $50 unless a greater value was declared and additional moneys paid. Harlo, on behalf of the plaintiff, could clearly have paid the extra moneys and declared a greater valuation had it been instructed to. Inasmuch as the plaintiff had been originally informed by Harlo that shippers limit their liability to $50 and Harlo suggested that supplemental insurance be obtained, the acts of Harlo are consistent with the agency relationship. As agent for plaintiff, Harlo had the authority to enter into "a

usual and customary shipping contract which limits the carrier's liability." (*Universal Ltd. v Stein & Co.,* 34 AD2d 770; see *Berger v 34th St. Garage,* 28 Misc 2d 298, affd 2 AD2d 972, affd 3 NY2d 701.) Though this particular shipment moved on only Harlo's pickup orders, the plaintiff had adequate knowledge that the carriers engaged would limit their liability to $50 and they are bound by such arrangement. Concur — Kupferman, J. P., Birns, Sandler and Fein, JJ.