WIGGINTON, Judge.
We affirm a workers’ compensation order in which the deputy commissioner found the claimant’s heart attack compensable and awarded medical benefits in addition to temporary and permanent total disability.
Folgueral is a 57-year-old immigrant with a sixth grade education and limited knowledge of the English language. He worked as a hotel valet, farm hand, chauffeur and ice cream maker in Cuba and Spain before coming to this country and finding work as a lens polisher. Eventually he was employed by Joy Footwear as a box maker, working his way up to the position of cutter’s helper and, finally, cutter. On the day of the injury, Folgueral was forced to lift and truck an approximately one-hundred pound roll of fabric by himself, unassisted by his assigned helper who, the claimant testified, abused and intimidated him, threatened him with violence and openly refused to assist. Shortly after the lifting incident, Folgueral experienced chest pains *189 and shortness of breath. He was taken to a hospital where the treating physician diagnosed a heart attack, later opining that the threats and lifting were the proximate cause of the myocardial infarction.
Preliminarily, we agree with the deputy that Folgueral’s injury was compensable. The claimant established that the circumstances surrounding his heart attack fell within the parameters of Silvera v. Miami Wholesale Grocery, Inc., 400 So.2d 439 (Fla.1981). See also Victor Wine & Liquor, Inc. v. Beasley, 141 So.2d 581 (Fla.1961). The combined testimony of Folgueral and his physician supported the deputy’s finding of temporary total disability.
The carrier argues reversible error occurred in the deputy’s award of the treating physician’s bills since the doctor failed to meet the reporting requirements of Section 440.13(1), Florida Statutes (Supp.1980). We affirm the deputy commissioner because the record clearly reflects that the doctor did not realize the injury was work-related, and he submitted bills to another carrier, which paid them. This receipt of payment led the doctor to believe he had done all the reporting that was required. As primary physician, his treatment of Fol-gueral necessarily continued. A confused legal situation or complex factual circumstances may constitute good cause for failure to file section 440.13 reports. Hardware Mutual Casualty Company v. Sutton, 197 So.2d 502 (Fla.1967).
Finally, the carrier urges that the award of permanent total disability must be reversed on the ground that Folgueral only looked for jobs which were beyond his physical abilities. However, the record does not support the carrier’s position. Folgueral testified that he applied for certain available delivery jobs but was refused employment due solely to his heart problems. Although the doctor placed limitations on Fol-gueral’s walking, lifting and driving, the carrier adduced no evidence that the delivery positions would exceed those limitations.
Accordingly, the compensation order is AFFIRMED.
ROBERT P. SMITH, Jr., C. J., concurs.
MILLS, J., concurs in part and dissents in part, with written opinion.