414 So.2d 602 (1982)
WALT DISNEY WORLD COMPANY, Appellant,
v.
Sandra SCHIEBEL, Appellee.
No. AE-327.
District Court of Appeal of Florida, First District.
May 28, 1982.
*603 Lee G. Schmudde, Lake Buena Vista, for appellant.
Thomas Mooney, Orlando, for appellee.
BOOTH, Judge.
The employer appeals a workers' compensation order excusing the failure of the claimant and of her chiropractor, Dr. Bartlett, to file timely medical reports as required by Florida Statutes, Section 440.13(1). In Walt Disney World Company v. Schiebel, 397 So.2d 1004 (Fla. 1st DCA 1981), this court previously reversed the award of payment of the unauthorized and unreported medical bills, holding that the notice of controversy did not in itself excuse the failure to file reports.[1]See St. Francis Hospital, Inc. v. Feinberg, 192 So.2d 753 (Fla. 1966); Hood's Dairy v. Severino, 178 So.2d 588 (Fla. 1965). The cause was remanded for a specific finding as to whether good cause existed for the failure to comply with Section 440.13(1). On remand, without taking additional evidence or hearing argument of counsel, the Deputy Commissioner found that "Dr. Bartlett did have good cause to be excused from timely filing his medical reports under Workmen's Compensation inasmuch as the claimant, Sandra Schiebel, informed him that Walt Disney World Workmen's Compensation would not pay his bill ... and also that they had controverted the case in its entirety."
We agree with the employer that such a finding is clearly insufficient, as "an employer's refusal to provide medical services is not good cause which excuses the failure to timely submit the required reports, ... nor does the fact that a claim is being contested constitute such good cause." Broward Industrial Plating, Inc. v. Weiby, 394 So.2d 1117, 1120 (Fla. 1st DCA 1981). The rationale for requiring reports under such circumstances is that the employer's receipt of prompt and accurate medical information is necessary to avoid the risk of inflated medical bills and duplicative treatment, as well as to facilitate any decision by the employer to rescind a previous denial of benefits. Torres v. Eden Roc Hotel, 238 So.2d 639, 643 (Fla. 1970). Therefore, untimely medical reports have been excused for good cause only where, for example, the employer waives the requirements of Section 440.13(1) with actual knowledge, see Torres v. Eden Roc Hotel, supra at 642, or where a confused legal situation or particularly complex facts exist. E.g., Exxon Company, U.S.A. v. Rodriquez, 410 So.2d 571 (Fla. 1st DCA 1982); Joy Footwear Corporation v. Folgueral, 409 So.2d 188 *604 (Fla. 1st DCA 1982). Since no such legally sufficient good cause was found here, the award of Dr. Bartlett's medical bills is REVERSED.
LARRY G. SMITH and THOMPSON, JJ., concur.
NOTES
[1] Claimant had been receiving authorized care at the employer's medical facility since the date of the accident. However, she unilaterally chose to seek treatment by Dr. Bartlett on July 18, 1979, without notifying the employer. Dr. Bartlett filed no workers' compensation medical reports within the statutory ten-day period. The record in fact does not reveal that such reports were ever filed. Although Dr. Bartlett did send a private insurance form to claimant's personal group carrier on August 4, 1979, this form indicated that claimant's condition was not related to her employment.