ROBERT P. SMITH, Jr., Chief Judge.
The deputy’s order finding that claimant was an employee not an independent contractor, and so entitled to chapter 440 benefits, is supported by substantial competent evidence.
The deputy’s order requires CNA, the carrier, to pay $650 in outstanding physicians’ bills and related medical expenses when claimant submits those bills in proper form and in accordance with the medical fee schedule. Yet the order does not in terms and for good cause stated excuse the physicians’ failure to submit timely reports of their treatment as required by section 440.13(1), Florida Statutes (1979). The dep *646 uty’s omission of that finding and the failure of claimant’s attorney to call that oversight to the deputy’s attention thus jeopardizes payment of these medical bills. E.g., Walt Disney World Company v. Schiebel, 414 So.2d 602 (Fla. 1st DCA 1982); Jack Eckerd Corporation v. Coker, 411 So.2d 1026 (Fla. 1st DCA 1982). Nevertheless, the deputy’s remarks during the transcribed hearing indicate that the deputy considered there to be good cause excusing the physicians’ failure to submit reports. We find a basis for that position in the record.
Claimant was injured in her employer’s truck in January 1980 and was treated then and through October 1981 by orthopedic surgeons practicing in a Vero Beach group, who were owed a $240 balance. The circumstances surrounding the failure of those physicians to submit reports were evidently taken below as representative, of all medical providers whose bills were aggregated in the $650 balance; no independent evidence was supplied either that those others did not submit reports or, if they did not, why so. Because the employer and CNA denied compensability, contending that plaintiff was an independent contractor, claimant advised her Vero physicians to send their bills to State Farm, whom claimant knew, but the physicians had no reason to know, was not the compensation carrier but was rather claimant’s own insurer for personal injury protection through her automobile policy. Claimant testified, “I didn’t know what else to do. I didn’t have the money to pay it. And I’m sure Workmen’s Comp and his insurance wasn’t going to pay it.” State Farm evidently paid most of the medical bills.
CNA knew that claimant was being treated by the Vero Beach physicians, by a Dr. Branigan, and by Indian River Memorial Hospital, for that was explicitly communicated to CNA by claimant’s claim for benefits in February 1980, which CNA controverted by notice filed in May 1980, and again by the Workers’ Compensation Division specialist whose report recommended payments to those medical providers in June 1980. The record contains no suggestion that CNA was hindered in its evaluation of the claim by the absence of prompt formal reports from the physicians. CNA’s attentions were directed not to that issue but instead to the question of whether claimant was an employee or independent contractor, a question litigated first in circuit court, concluded by an April 1982 judgment adverse to CNA, before the issue was again raised before the deputy. From this lack of prejudice to CNA and evident “confused legal situation or complex factual circumstances,” see Joy Footwear Corporation v. Folgueral, 409 So.2d 188, 189 (Fla. 1st DCA 1982), we conclude that for good cause the medical providers should be excused from the normal consequences of their having failed to submit timely reports to CNA.
Needless to say, deputies and claimants’ counsel cannot ordinarily rely on this court to do such culling of the record as we have indulged here. Ordinarily we would remand “for a specific finding as to whether good cause existed for the failure to comply with Section 440.13(1).” Walt Disney World, supra, 414 So.2d at 603. Yet that course, requiring another hearing, order, and further appellate proceedings, necessarily incurs additional costs payable by insurance premiums supporting the workers’ compensation system and by taxes supporting the judicial system. We shortcut that process here only to demonstrate to the deputy and to counsel how simply the neglected finding might have been supplied in the first instance by those whose responsibility it was to supply that finding, and to suggest to them the amount of needless additional labor that was required in this court to avoid outright reversal or remand of this otherwise correct order.
The unpaid medical bills aggregating $650 will be paid by CNA on the terms and conditions stated in the deputy’s order. Claimant’s motion for attorney fee is granted in the amount of $1,350. Sec. 440.-34(2)(c), Fla.Stat. (1979).
AFFIRMED.
ZEHMER, J., concurs.
WENTWORTH, J., concurs specially with an opinion.