*241 OPINION OF THE COURT
Bernard F. McCaffrey, J.
This is a motion and cross motion for summary judgment.
The motion by defendant, BOCES, for an order dismissing the plaintiffs’ complaint and for summary judgment in favor of said defendant is disposed of pursuant to the stipulation of discontinuance dated January 29, 1986.
The cross motion by defendant Roosevelt Union Free School District, sued herein as Union Free School District No. 8 and Roosevelt Public Schools, for an order pursuant to CPLR 3212 granting said defendant summary judgment is granted.
The complaint alleges plaintiff to have been injured as a result of an automobile accident between a school bus, in which plaintiff was riding, and a sanitation truck.
As the police report indicates, codefendant White was the driver and codefendant Tomfor Transportation was the owner of the school bus involved, and codefendant Incorporated Village of Freeport was the owner of the sanitation truck.
On August 31, 1984, the school district had entered into a contract with Tomfor Transportation providing for the transportation of children residing in the district to the BOCES County Center. Plaintiff was en route to a BOCES County Center when the accident occurred.
In his deposition testimony, Lester Gaither, assistant to the Superintendent of the Roosevelt Public Schools, states: that the school district does not own the vehicles used for transporting students, the school district did not establish routes used in that transportation, and that transportation contracts were awarded by bid. The record reflects that the only involvement of defendant school district in this matter appears to be that it contracted with codefendant, Tomfor, for transportation for certain students. The complaint makes no allegation whatsoever that the school district was negligent in the manner in which these transportation contracts were awarded. In fact, the complaint makes no allegation of negligence of any kind against the school district. The sole reference to the school district is contained in paragraph five of the complaint where it is maintained that the school district "provides transportation for the plaintiff.”
The defendants, White and Tomfor Transportation, oppose the cross motion solely upon the grounds that the cross movant admits that it hired the company to provide transportation for its students, and on that basis the school "could” be held liable in this accident based upon the "employer-em *242 ployee relationship” created. The plaintiffs, on the other hand, in their opposition to the cross motion contend that, since the cross movant must by law provide transportation for plaintiff, by law plaintiff must be transported safely on the cross movant’s system. No case law or other authority is offered in support of either contention.
As to defendant Tomfor, it is clear that its relationship to the defendant school district is not that of employee-employer; rather, defendant Tomfor appears to be an independent contractor; the defendant school district the principal.
As to the position taken by plaintiff to the effect that the defendant school district has a duty to transport plaintiff safely on said defendant’s system, that would appear to be a correct position.
The general rule is that a school board (and those acting for it) owe a duty of reasonable care to pupils in its custody. This common-law duty applies during the period the pupils are transported to and from school. (Sewar v Gagliardi Bros. Serv., 69 AD2d 281.)
Education Law § 3635 (1) provides, in part, that "[sjufficient transportation facilities (including the operation and maintenance of motor vehicles) shall be provided by the school district for all the children residing within the school district to and from the school they legally attend, who are in need of such transportation because of the remoteness of the school to the child or for the promotion of the best interest of such children.”
When a school district undertakes to provide transportation for students, it has a duty to transport them safely. (Pratt v Robinson, 71 Misc 2d 509, affd 45 AD2d 641, affd 39 NY2d 554.) It ordinarily cannot avoid its liability for failing to transport its pupils safely by delegating the performance of its duty to an independent contractor. (Williams v Board of Trustees of Dist. No. 1, 204 App Div 566.)
It has been held that in certain cases a school district’s enterprise and its relation to a pupil such as the plaintiff herein are such as to impose upon it a duty which cannot be delegated to the contractor; in those instances involving a nondelegable duty the "principal” is held liable for the negligence of the contractor, although he has himself done everything that could be reasonably required of him. (See, Weber v Buffalo Ry. Co., 20 App Div 292.)
The general rule of nonliability for the acts of an indepen *243 dent contractor applies to a municipal corporation sued for injuries resulting from the negligence of a person performing services in its behalf under a contract which invests the contractor with general control over the work, where the work is not inherently dangerous or necessarily injurious (Uppington v City of New York, 165 NY 222). If, however, the very work contracted for will necessarily cause injury to other persons, the municipality ordering the work will be liable; if it is so inherently dangerous as to be very likely to cause injury unless certain precautions are taken, the municipality is bound to see that those precautions are taken (40 NY Jur, Municipal Corporations, § 983).
The general rule has been set forth in an old New York case, Berg v Parsons (156 NY 109), to the effect that a party who engages an independent contractor is not responsible for the negligence of that contractor or his employees, and that the doctrine of respondeat superior does not apply. Over the years, several exceptions to this rule have evolved, one of which deserves consideration in the instant matter. Where the work involved may be characterized as "inherently dangerous,” it has been held that the duties of the employer are nondelegable and that liability attaches for the negligence of the independent contractor, where lack of due care in the performance of the work has been demonstrated. (See, Janice v State of New York, 201 Misc 915 [1951] [as to nondelegability]; Schlansky v Augustus V. Riegel, Inc., 9 NY2d 493 [1961] [as to the required proof of negligence necessary for the recovery of damages, without physical trespass, as a result of blasting adjacent to a residence].)
A second exception, closely akin to the first mentioned, is that an employer or owner remains liable for injuries caused by the failure of an independent contractor to exercise due care in respect to the performance of work which is inherently or intrinsically dangerous. Inherently or intrinsically dangerous work has been variously defined, usually to the effect that it is work necessarily attended with danger, no matter how skillfully or carefully it is performed.
Another exception to the general independent contractor rule is that the employer remains liable if he fails to use reasonable care to select a competent contractor, if it turns out that the contractor was in fact incompetent. (See, Horn v State of New York, 51 Misc 2d 124, 129.)
In Sewar v Gagliardi Bros. Serv. (69 AD2d 281, supra), there *244 is some indication that there is something more required of plaintiff to hold the school district liable in a case such as the one at bar where the school district has contracted out the performance of transporting its pupils to an independent contractor. In the Sewar case, the bus driver in question was an employee of Ridge Road Express, Inc., which owned the school bus in question. In Sewar, the court was dealing with more than a statutory duty to transport pupils to and from school. The Sewar case deals with a failure on the part of the bus driver to comply with Vehicle and Traffic Law § 1174 (b), the violation of which has been held to give rise to absolute liability, not simply negligence per se. (See, Van Gaasbeck v Webatuck Cent. School Dist. No. 1, 21 NY2d 239.) The language of subdivision (b) of section 1174 provides as follows: "The driver * * * shall instruct * * * [pupils] to cross in front of the bus and * * * shall keep such school bus halted with red signal lights flashing”.
In Sewar (supra) the court found that the driver of the school bus in question failed to properly warn the student and see her safely to the easterly side of Wilson Road, thus increasing the hazard because the student was then obliged to cross two highways rather than one, and she was obliged to do so without the benefit of the presence of the bus inasmuch as the bus moved on before the student had an opportunity to completely cross the street. In Sewar, the defendant bus driver and defendant owner of the bus (Ridge Road Express, Inc.) sought to obtain a contribution from the school district on a theory of the failure on the part of the school district to exercise reasonable care in instructing the bus operator, but the court refused to so charge the jury because it was clear from the evidence presented that the bus driver knew the school board’s rules (Sewar v Gagliardi Bros. Serv., supra, at p 291). This would indicate that the plaintiff is under a burden to demonstrate something more than the fact it contracted out the performance of transportation of its students to an independent contractor, and is bound to show more than the mere fact as contended by plaintiff herein that "since defendant Roosevelt Public School System must by law provide transportation for plaintiff, that by law plaintiff must be transported safely or defendant Roosevelt Public School System is liable for damages to plaintiff.” The plaintiff is required to allege more than that to state a cause of action in the case herein.
Furthermore, with respect to work which may be characterized as "inherently dangerous,” it has been held in certain *245 jurisdictions, at least, that the operation of a motor vehicle is not inherently dangerous within the rule that liability cannot be evaded by employing an independent contractor to perform work which is "inherently or intrinsically dangerous.” (Blashfield, Automobile Law and Practice, ch 252, § 252.21, at 81.) Although no New York case has been located in this regard, the court is aware of the matter of Costello v Smith (179 F2d 715, 718) wherein the United States Court of Appeals, Second Circuit, indicated in applying the principle that "It may well be doubted whether a trailer-truck is an intrinsically dangerous instrumentality to be classed with ferocious animals or high explosives in applying the above-quoted principle” (i.e., the intrinsically or dangerous instrumentality principle espoused in Restatement of Torts § 427). In any event, the plaintiff has offered no evidence that the operation of a school bus in the transportation of pupils to and from school is inherently dangerous work. All the plaintiffs offer as a basis for their cause of action against defendant school board is that by law it must provide transportation for plaintiff and by law it must do so safely. As indicated above, this is not enough standing alone.
Accordingly, the cross motion by defendant, Roosevelt Union Free School District, sued herein as Union Free School District No. 8, and Roosevelt Public Schools, for an order pursuant to CPLR 3212 granting said defendant summary judgment is granted without prejudice to plaintiff repleading with respect to any claimed negligence on the part of the said cross movant.