NIMMONS, Judge.
In this workers’ compensation proceeding the deputy commissioner denied payment of claimant’s medical bills, finding that there was insufficient evidence of good cause to waive application of the ten-day filing requirement of Section 440.-13(2)(b), Florida Statutes (1983). We reverse.
Claimant was first employed as a saw operator with Paramount Poultry on March 5, 1984. As a saw operator, she was required to cut up four chickens a minute, bag them and put them on a conveyor belt.
On July 23, 1984, claimant’s left wrist began to hurt. She reported this problem to Buck Wright at Paramount Poultry’s first aid station. He treated her wrist and told her that he suspected that she had carpal tunnel syndrome.
On September 7, 1984, claimant’s wrist problem became acute. She requested Paramount Poultry to send her to a doctor but *193 was told that her condition was not work-related. Claimant then went to the Baptist Hospital emergency room and received treatment from Dr. Grube, an orthopedic surgeon.
Immediately following the emergency treatment on her wrist, the claimant informed her employer that Dr. Grube had told her that her condition was work-related and the continuous movement of her wrist had caused the carpal tunnel syndrome. However, Paramount Poultry and its insurer informed claimant that there was no use in filing a worker’s compensation claim because they were not going to pay.
Thereafter Dr. Grube’s office manager, Ms. Bedard, made several attempts to obtain authorization from the employer/carrier. However, the employer/carrier would not authorize treatment because they were not sure whether claimant’s injury was compensable under workers’ compensation law.
Dr. Grube’s office then filed a claim with the claimant’s group health insurance company. This claim form indicated that claimant’s condition was not related to her employment. However, Ms. Bedard testified that the claim form was so submitted because neither the employer nor the carrier would verify that the injury was job-related.
At the hearing on the claim for payment of medical bills, the employer/carrier raised as a defense that the treating physician failed to submit the medical reports to the employer/carrier within ten days as required by Section 440.13(2), Florida Statutes (1983).[1] The deputy commissioner denied the claim for payment of medical bills, finding that there was an insufficient showing of good cause to waive application of the ten day filing requirement of Section 440.13(2).
The relevant portion of Section 440.-13(2)(b) provides as follows:
Nor shall any claim for medical, surgical, or other remedial treatment be valid and enforceable unless, within 10 days following the first treatment, except in cases where first-aid only is rendered, and thereafter at such intervals as the division by regulation may prescribe, the health care provider or health care facility giving such treatment or treatments furnishes to the employer, or to the carrier if the employer is not self-insured, a report of such injury and treatment on forms prescribed by the division; however, a deputy commissioner, for good cause, may excuse the failure of the health care provider or health care facility to furnish any report within the period prescribed and may order the payment to such employee of such remuneration for treatment or service rendered as the deputy commissioner finds equitable.
The deputy, in finding that there was an insufficient showing of good cause, relied on this court’s holding in Walt Disney World Co. v. Schiebel, 414 So.2d 602 (Fla. 1st DCA 1982), in which the court concluded that “ ‘an employer’s refusal to provide medical services is not good cause which excuses the failure to timely submit the required reports, .. .nor does the fact that a claim is being contested constitute such good cause.’ ” Id. at 603. It is true that in the present case the employer refused to provide medical services and contested the claim. Thus, under Schiebel, these facts alone would not constitute good cause. However, the court in Schiebel also recognized that untimely medical reports have been excused for good cause where the employer waives the requirement of the statute with actual knowledge. See Torres v. Eden Roc Hotel, 238 So.2d 639 (Fla.1970).
Under this waiver principle, the claimant satisfies her burden of establishing good cause for a health care provider’s failure to honor reporting requirements when the evidence shows that the employer has conducted itself so inconsistently as to have waived its right to rely on those requirements as a defense to the claim. *194 Watson v. Freeman Decorating Co., 455 So.2d 1097 (Fla. 1st DCA 1984). Such evidence must show (1) the employer’s knowledge of claimant’s condition and of the fact that benefits were being provided by a specific health care provider, (2) its acquiescence in the treatment, and (3) its disavowal of its responsibility to furnish medical benefits because of a violation of the reporting provisions. Further, once the claimant presents such evidence revealing the employer’s inconsistent conduct, the employer must demonstrate how it was prejudiced by the reporting failure, and such prejudice will not be presumed. Id. at 1101.
In the case before us, the claimant has satisfied her burden of establishing a good cause excuse through the employer’s waiver. The employer clearly had knowledge of the claimant’s condition and of the fact that claimant was receiving treatments from Dr. Grube. On the same day that claimant received emergency treatment on her wrist she informed her employer of the treatment and of Dr. Grube’s conclusion that she had probable carpal tunnel syndrome. Further, Dr. Grube’s office repeatedly notified the employer in an attempt to obtain authorization of claimant’s treatments. The employer was thus aware that benefits were being provided by a specific health care provider. Additionally, it is evident that the employer acquiesced in the treatment and disavowed responsibility to furnish medical benefits because of the reporting violation.
Moreover, the employer has failed to demonstrate how it was prejudiced by the reporting failure. The employer/carrier assert that they were prejudiced in that Dr. Grube indicated on a health insurance claim form dated September 13, 1984 that the claimant’s condition was not work-related. However, the record establishes that the employer/carrier were not justified in relying upon this form and in fact did not rely upon it. On July 23, 1984, claimant, as previously noted herein, reported her wrist problem to Mr. Buck Wright at Paramount Poultry’s first-aid station. At that time Mr. Wright informed her that he suspected she had carpal tunnel syndrome. In addition, the employer was informed by claimant on September 11, 1984 that Dr. Grube believed that claimant’s condition was work-related.
Furthermore, on numerous occasions after the employer/carrier received the September 13, 1984 health insurance form, Dr. Grube’s office requested verification of the fact that claimant’s injury was work-related. However, the employer/carrier responded by stating that they were not sure whether the injury was work-related and that they were checking into the matter. Thus, both before and after the employer/carrier received the insurance form they had ample opportunity to evaluate claimant’s situation and were not prejudiced by the reporting failure.
We conclude that there is not competent substantial evidence to support the deputy’s finding that there was no good cause to excuse enforcement of the ten-day filing requirement of Section 440.13(2).
Accordingly, the deputy commissioner’s order is REVERSED.
ZEHMER and BARFIELD, JJ., concur.

. The reports were eventually filed on January 23, 1985.