H & H INTERNATIONAL
CORPORATION,
Plaintiff,

v.

J. PELLECHIA TRUCKING,
INC., Defendant.

No. 87 Civ. 2510 (RWS).

United States District Court,
S.D. New York.

March 4, 1988.

Chalos, English & Brown, P.C., New York City, for plaintiff; Martin F. Casey, of counsel.

Diliberto and Sheehan, Fresh Meadows, N.Y., for defendant; John J. Sheehan, of counsel.

OPINION

SWEET, District Judge.

Defendant J. Pellechia Trucking Inc. ("Pellechia") has moved to dismiss the action filed against it by H & H International Corp. ("H & H") for failure to state a claim pursuant to Rule 12(b)(6), Fed.R.Civ.P. or in the alternative for summary judgment pursuant to Rule 56, Fed.R.Civ.P. It has additionally moved to dismiss pursuant to Rule 12(b)(7) for failure to join an indispensible party, Target Airfreight Inc. ("Target"), whose presence will deprive the court of diversity jurisdiction under Rule 19, Fed.R.Civ.P. Alternatively, Pellechia has moved to implead both Target and its insurance company, Continental Insurance Inc. ("Continental") as third party defendants pursuant to Rule 14, Fed.R.Civ.P. H & H has cross moved for summary judgment. For the reasons set forth below, the action will be dismissed for failure to join Target, an indispensable party whose presence will deprive the court of jurisdiction.

*Facts*

In October 1986, H & H, a California corporation, engaged Target, also a California corporation, to transport a shipment of twenty cartons of perfume from its plant in Conoga, California to the plant of its consignee, Cosmopolitan Cosmetics ("Cosmopolitan") in Brooklyn, New York. The perfume is valued at $45,956.16. On October 20, 1986, Target engaged Pellechia, a New York corporation, to pick up the shipment the following day at the Sunshine Container Corp. in Queens, New York and deliver

it to Cosmopolitan. Target was a regular customer of Pellechia.

Pellechia sent its driver, Michael Bumpkin, to transport the goods. Bumpkin picked up the shipment but never delivered it. He allegedly filed a forged proof of delivery slip with Pellechia. The following day, Pellechia was informed that the shipment had never arrived, and upon Bumpkin's failure to report for work, Mr. Pellechia filed a report of theft with the police department. The goods have never been recovered.

Upon completion of the job—or in this case upon the filing of the forged receipt—Pellechia issued an invoice, printed on which is a clause limiting liability to $50.00 per shipment. According to Pellechia, Target, as a regular customer, was well aware of this limitation yet failed to declare any excess value for the shipment. In general, if such excess value is declared, Pellechia will obtain additional insurance for the carriage. In this case, however, Pellechia claims that had it been aware of the value of the goods, it would have refused the job.

Additionally, Continental, Pellechia's insurance company, has refused to cover this loss.

*Discussion*

■ Rule 19, Fed.R.Civ.P., provides for compulsory joinder of parties who are needed for just adjudication. Rule 19(a) sets forth the standards for determining when a party should be joined if feasible. Thus,

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties. . . .

In this case, Target is an entity that should be joined if feasible because it is not clear whether complete relief can be accorded in its absence.

Pellechia asserts as a defense to this action its limit on liability and Target's acceptance of that limit. H & H asserts that carriers cannot legally limit liability without giving shippers a choice of rates. *See, e.g., St. Laurent v. Air Freight Transportation*, 86 A.D.2d 511, 445 N.Y.S. 2d 745 (1st Dep't 1982). Even if this were so, a course of dealing between Target and Pellechia, if established, would constitute assent to the limit. Moreover, Pellechia's form provides for excess liability upon declaration. Thus presumably it charges a lower rate to begin with and would have increased its rates if excess value were declared to the extent it chose to assume the risk. Thus, if Target impliedly accepted a contract of carriage with limited liability, Pellechia could only be held liable to the amount of the limitation, and full relief could not be granted in this action. *Id.*

■ It should also be noted that Pellechia cannot be held liable in tort for Bumpkin's theft. Generally, employers are liable for the torts their employees commit in the scope of their employment under the theory of respondeat superior. *See Cornell v. State*, 46 N.Y.2d 1032, 389 N.E.2d 1064, 416 N.Y.S.2d 542 (1979). However, this theory of recovery does not apply to make an employer liable for the intentional torts of his employee. *Banque Worms v. Luis A. Duque Pena e Hijos, Ltd.*, 652 F.Supp. 770 (S.D.N.Y.1986); *Island Associated Cooperative Inc. v. Hartmann*, 118 A.D.2d 830, 500 N.Y.S.2d 315 (2d Dep't 1986). The only way H & H could recover against Pellechia in tort would be by showing that Pellechia was negligent in hiring Bumpkin. *See, e.g., Island Associated, supra; Weiss v. Furniture in the Raw*, 62 Misc.2d 283, 306 N.Y.S.2d 253 (N.Y.C.Civ.Ct.1969).[1] H & H has made no such assertion.

Moreover, the issue would still remain as to whether Target alerted Pellechia of the value of the shipment; whereas Pellechia might be negligent in using Bumpkin to transport a shipment worth 50 thousand dollars, he might not be negligent in using

---

**1.** A similar theory could be used against Target for negligently hiring a subcontractor. *See Set-*

*tles v. Incorporated Village of Freeport,* 132 Misc. 2d 240, 503 N.Y.S.2d 945 (N.Y.Sup.Ct.1986).

him to transport a shipment worth 50 dollars.

Upon a showing that a person or entity should be joined if feasible under Rule 19(a), the court must turn to Rule 19(b) to determine "whether in equity and good conscience the action should proceed among the parties before it." The Supreme Court examined Rule 19(b) and identified four " 'interests' that must be examined in each case to determine whether, in equity and good conscience, the court should proceed." *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 109, 88 S.Ct. 733, 737, 19 L.Ed.2d 936 (1968).

"First, the plaintiff has an interest in having a forum," and thus the court must determine "whether a satisfactory alternative forum exists." *Id.* In this case, H & H can bring suit in the courts of New York State. Pellechia as a New York resident is amenable to state court jurisdiction. Target is an airfreight company that flies freight into New York. Moreover, it sought out and engaged a New York company as its agent, something it has done on numerous occasions. Therefore, it can be inferred that Target is doing business in this jurisdiction and is thus subject to suit here.

"Second, the defendant may properly wish to avoid multiple litigation, or inconsistent relief, or sole responsibility for a liability he shares with another." *Id.* 390 U.S. at 110, 88 S.Ct. at 738. Pellechia may be subject to multiple litigation if H & H is unable to recover against it in this action and then sues Target in another action. Target may then assert a claim against Pellechia. Conversely, Pellechia may be found responsible for liability it shares with Target based on Target's potentially negligent acceptance of limited liability.

"Third, there is the interest of the outsider whom it would have been desirable to join." *Id.* The Court approached this factor from a practical standpoint, acknowledging that the judgment would not have res judicata effect as against the absentee party. In this case, although a finding that Pellechia had effectively limited its liability

could not be used to hold Target liable, Pellechia could assert defensive nonmutual collateral estoppel to preclude Target from litigating certain issues against it. It cannot be assumed that either H & H or Pellechia will protect Target's interests adequately. Thus, Target might be prejudiced if it were not given the opportunity to set forth its point of view on issues in dispute.

Finally, "there remains the interest of the courts and the public in complete, consistent, and efficient settlement of controversies." *Id.* 390 U.S. at 111, 88 S.Ct. at 738. The potential for piecemeal and inconsistent litigations is plain from the above discussion.

Further, *Provident* "directs a district court to consider the possibility of shaping relief to accommodate these four interests." *Id.* However, in this case where each party assigns a different interest to the absentee—that is H & H claims that the court should ignore Target and merely consider it the agent of H & H while Pellechia in effect claims to be the agent of Target—shaping relief so as to protect all the interests is particularly difficult.

The "interests" the Court set forth reflect the factors enumerated in the rule itself. They are:

first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Rule 19(b), Fed.R.Civ.P.

■ In sum, the questions to be resolved in this action are so entangled with the question of the authority and liability of the middleman Target that adequate and just relief cannot be granted in its absence. *See, e.g., Felix Cinematografica v. Penthouse International, Ltd.*, 99 F.R.D. 167, 171 (S.D.N.Y.1983). Since joining Target

will defeat diversity jurisdiction, this court no longer can assert subject matter jurisdiction over this action.

*Conclusion*

Pellechia's motion to dismiss for failure to join an indispensible party under Rules 12(b)(7), 19, Fed.R.Civ.P. is granted. Consideration of its other motions is unnecessary. H & H's motion for summary judgment is denied.

IT IS SO ORDERED.