654 So.2d 1230 (1995)
Jean freeman DIXON, David B. Gelaro and Bernice E. Duhart, Appellants/Cross-Appellees,
v.
Doris A. WHITFIELD, as the Personal Representative of the Estate of John Dwayne Whitfield, Deceased, Duval County School Board, and Barbara A. Roerig, Appellees/Cross-Appellants.
No. 93-3787.
District Court of Appeal of Florida, First District.
May 9, 1995.
Rehearing Denied June 13, 1995.
*1231 Harold H. Catlin and Holly M. Gillespie of Saalfield, Catlin & Coulson, P.A., Jacksonville, for appellants/cross-appellees.
Thomas R. Brown of Brown, Terrell, Hogan, Ellis, McClamma & Yegelwel, P.A. and Michael J. Korn of Prom, Korn & Zehmer, P.A., Jacksonville, for appellee/cross-appellant Doris A. Whitfield.
John A. Delaney, General Counsel and David C. Carter, Deputy General Counsel, Jacksonville, for appellee/cross-appellant Duval County School Bd.
Michael A. Durant and William Stone of Cole, Stone & Stoudemire, P.A., Jacksonville, for appellee/cross-appellant Barbara A. Roerig.
PER CURIAM.
Appellants Jean Dixon, David Gelaro and Bernice Duhart, three of five co-defendants below, appeal from a final judgment finding them to be 72% negligent in a wrongful death action brought by plaintiff Doris Whitfield (plaintiff). On February 8, 1989, plaintiff's fifteen-year old son was struck and killed by a car driven by co-defendant Barbara Roerig when he tried to cross the street after getting off a public school bus after school. Appellant Dixon was driving the school bus, which was leased by appellant Duhart and owned by appellant Gelaro. The Duval County School Board (School Board) had contracted with Duhart and Gelaro to provide school buses to transport students in Duval County. Plaintiff brought a wrongful death action, suing Roerig, Dixon, Gelaro, Duhart, and the School Board. She alleged the School Board was directly liable for its negligent selection of the bus stop where the incident occurred, and its negligent training and supervision of the school bus transportation system. She further alleged the School Board was vicariously liable for the negligence of its "agents" (i.e., school bus contractors and operators) under section 768.28, Florida Statutes (1987).
A jury trial was held in December 1992, on the issues of negligence and damages; the issue of agency was severed for subsequent determination by the court. At trial, the court directed a verdict in favor of the School Board on the issue of the negligent selection of the bus stop and negligent training and supervision. That ruling is not appealed by any of the parties. The jury found the decedent was 5% negligent, Roerig was 23% negligent, *1232 and appellants were 72% negligent. The jury awarded the plaintiff $926,250 in damages. The issue of agency was tried non-jury, with the trial court finding that the appellants were independent contractors rather than agents of the School Board, and awarding damages against them personally. This appeal followed.
Appellants claim the trial court erred in finding they were not entitled to immunity under section 768.28, Florida Statutes (1987). Section 768.28(9)(a) provides in relevant part:
No officer, employee, or agent of the state or any of its subdivisions shall be held personally liable in tort ... for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.
Appellants argue they were employees of the School Board. Review of the undisputed facts in the record reveals competent, substantial evidence to support the trial court's finding that appellants were independent contractors rather than employees of the School Board. See Florida Sod Co. v. Myers, 432 So.2d 645 (Fla. 1st DCA 1983) (trial court's finding that worker is independent contractor will be affirmed if supported by competent, substantial evidence).
Appellants' alternative argument is that, notwithstanding their independent contractor status, they were "agents" of the School Board in that they were performing a nondelegable duty (i.e., transportation of public school students). Under the Restatement (Second) of Torts, as well as under Florida case law, a party who hires an independent contractor may still be liable where a nondelegable duty is involved. See Carrasquillo v. Holiday Carpet Serv., Inc., 615 So.2d 862 (Fla. 3d DCA 1993); Restatement (Second) of Torts § 409 cmt. b (1965). A nondelegable duty may be imposed by statute, by contract, or by common law. W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 71, at 511 (5th ed. 1984). Unfortunately, there are no specific criteria for determining whether or not a duty is nondelegable except for the rather ambiguous defining characteristic that the responsibility is so important to the community that the employer should not be allowed to transfer it to a third party. Id. at 512.
Appellants' reliance on various articles of the Florida Constitution and several statutory provisions as demonstrating the Board has a nondelegable duty to transport public school children with safety is misplaced. The Florida Constitution does provide, in general terms, that "the school board shall operate, control, and supervise all free public schools within the school district." Art. IX, § 4(b), Fla. Const. Review of the cited statutes reflects the School Board also has a statutory duty to "make provision" or "provide" for the transportation of public school children where such is deemed necessary. §§ 230.23(8), 234.01(1)(a), Fla. Stat. (1987). In providing such transportation, the School Board must have maximum regard for safety in routing buses, appointing drivers, and providing and operating equipment. § 234.02, Fla. Stat. (1987). Nevertheless, the fact the school board is required by law to provide transportation for its students and is required by law to have maximum regard for safety in so doing, does not translate into a nondelegable duty. School boards owe their pupils a duty of reasonable care in providing them with safe transportation, but they are "not insurers of students' safety." Harrison v. Escambia County Sch. Bd., 434 So.2d 316, 319 (Fla. 1983). While appellants argue the Board should not be allowed to avoid liability by choosing to contract for buses from outside sources, the statutes themselves, as well as the regulations promulgated pursuant to chapter 234, clearly allow the School Board to do so, provided the contractors have the necessary insurance coverage and the buses are properly inspected and maintained. §§ 234.03(4), 234.041, Fla. Stat. (1987); Fla. Admin. Code R. 6A-3.017(4), (7) (1987).
In short, the parties cite no controlling Florida authority, and we could find none in our own research, for the proposition that the safe transportation of public school students is a nondelegable duty. At least one sister state has held as we hold today. See *1233 Settles v. Incorporated Village of Freeport, 132 Misc.2d 240, 503 N.Y.S.2d 945 (N.Y. Sup. Ct. 1986) (fact that school board is required by law to provide transportation for pupils and must do so safely is not sufficient, standing alone, to state cause of action against school board for the negligence of the independent contractor it hired to transport pupils); see also Chainani v. Board of Educ., 201 A.D.2d 693, 608 N.Y.S.2d 283 (N.Y. Sup. Ct. 1994) (board of education not vicariously liable for school bus driver's violation of statute requiring careful supervision of children crossing road where driver was employee of independent contractor the board hired to provide transportation to its students). Accordingly, we reject appellants' arguments in this regard and affirm.
We have reviewed appellants' other arguments on appeal and find them to be without merit.
Accordingly, we AFFIRM the final judgment in all respects.
JOANOS and LAWRENCE, JJ., concur.
BENTON, J., concurs in result.