909 So.2d 438 (2005)
DUVAL COUNTY SCHOOL BOARD, Appellant,
v.
Scott KEBERT, Appellee.
No. 1D04-1199.
District Court of Appeal of Florida, First District.
August 23, 2005.
*439 J. David Kerce, of J. David Kerce, P.A., Daytona Beach, for appellant.
John C. Taylor, Jr. and Rhonda B. Boggess, of Taylor, Day & Currie, Jacksonville, for appellee.
WOLF, J.
The Duval County School Board (school board) appeals from a partial summary judgment finding it liable in tort for operation of a school bus and awarding damages to Scott Kebert, the appellee. The issue presented is whether the trial court erred in granting summary judgment against the school board, holding it liable in tort for the negligent acts of its independent contractors pursuant to section 234.03(1), Florida Statutes (1999), contrary to the ruling of this court in Dixon v. Whitfield, 654 So.2d 1230 (Fla. 1st DCA 1995). Our holding in Dixon rejected the proposition that section 234.03(1) established a non-delegable duty on the part of the school board regarding transportation of students. We, therefore, hold that the trial court erred in imposing liability on the school board for the acts of an independent contractor, and we reverse the order imposing such liability.
The school board entered into an agreement with Bernice Duhart, a school bus contractor and owner, for Duhart to provide transportation for students of the Duval County School Board. On November 7, 2000, Kebert was injured when a school bus transporting students pursuant to the contractor's agreement ran into Kebert's vehicle. The school bus was being driven by Ms. Duhart's employee, Tommy McDowell.
Kebert filed a three-count Second Amended Complaint in circuit court against Bernice Duhart, Tommy McDowell, and the Duval County School Board. Count I of the Second Amended Complaint *440 was an action in tort against Duhart and McDowell for the negligent use, maintenance, and ownership of the school bus which was the proximate cause of injury to Kebert; count II was an action against the Duval County School Board which alleged the vicarious liability of the school board pursuant to the doctrine of respondeat superior; count III was an action against the Duval County School Board for liability statutorily imposed pursuant to section 234.03(1), Florida Statutes (1999).
The school board moved for summary judgment as to count II, liability pursuant to the doctrine of respondeat superior; and both Kebert and the school board moved for summary judgment as to count III, liability pursuant to section 234.03(1). On January 15, 2003, the circuit court granted the school board's motion as to count II, finding no liability pursuant to the doctrine of respondeat superior; however, the court denied the school board's motion as to count III, holding the school board liable for the operation of the school bus pursuant to section 234.03(1).[1]
Our opinion in Dixon controls the outcome in this case.[2] In Dixon, as in the instant case, it was argued that the school board should not be allowed to escape liability by choosing to contract out transportation services; that argument was rejected by this court:
[T]he fact [that] the school board is required by law to provide transportation for its students and is required by law to have maximum regard for safety in so doing, does not translate into a nondelegable duty. School boards owe their pupils a duty of reasonable care in providing them with safe transportation, but they are "not insurers of students' safety." Harrison v. Escambia County Sch. Bd., 434 So.2d 316, 319 (Fla.1983). While appellants argue the Board should not be allowed to avoid liability by choosing to contract for buses from outside sources, the statutes themselves, as well as the regulations promulgated pursuant to chapter 234, clearly allow the School Board to do so, provided the contractors have the necessary insurance coverage and the buses are properly inspected and maintained. §§ 234.03(4), 234.041, Fla. Stat. (1987); Fla. Admin. Code R. 6A-3.017(4), (7) (1987).
Dixon, 654 So.2d at 1232 (emphasis added).
Notwithstanding our opinion in Dixon, the trial court here granted Kebert's motion for summary judgment on count III and ruled that the school board was liable in tort pursuant to section 234.03(1) and section 768.28, Florida Statutes (1999).
*441 Kebert's entire argument is predicated upon the word "used" in section 234.03(1). Kebert argues that a plain reading of section 234.03(1) renders the school board liable for the acts of its independent contractors because the school board "used" the contractor's buses. A careful reading of sections 234.03(1), (4), and 768.28, Florida Statutes, however, establishes that the word "used" in section 234.03(1) was not intended to create liability on the part of the school board for the actions of an independent contractor.
Section 234.03(1) reads as follows:
Each district school board shall be liable for tort claims arising out of any incident or occurrence involving a school bus or other motor vehicle owned, maintained, operated, or used by such school board to transport persons, to the same extent and in the same manner as the state or any of its agencies or subdivisions is liable for tort claims under s. 768.28....
However, subsection (4) of section 234.03 has to do with vehicles not owned by the school board, but which are used in transportation of school children:
If vehicles used in transportation are not owned by the school board, such school board is authorized to require owners of such vehicles to show evidence of adequate insurance during the time that such vehicles are in the services of the school board.
Section 234.03 provides that tort claimants have equal redress whether or not the bus is owned and operated by the school board. As to buses owned and operated by the school board, subsection (1) holds the school board liable pursuant to section 768.28, Florida Statutes. However, as to buses or vehicles not owned, but which are within the service of the school board, subsection (4) authorizes the school board to require the owners to show proof of adequate insurance. Adequate insurance would be what the school board itself would be required to carry under subsection (1). Therefore, any tort claimant would have equal minimum protection irrespective of ownership of the bus or vehicle.
Furthermore, section 234.03(1) states that the school board will be liable "to the same extent and in the same manner as the state or any of its agencies or subdivisions is liable for tort claims under [section] 768.28." Section 768.28(1) requires that for a plaintiff to recover damages in tort for personal injury, the injury had to be caused by the "negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of the employee's office or employment. . . ." (Emphasis added.) There is nothing in section 768.28 to impose liability against the state, its agencies, or subdivisions for the acts of independent contractors. Because the owner and driver were independent contractors, the school board has no liability under section 768.28.
We, therefore, reverse the summary judgment establishing liability and awarding damages against the school board.
VAN NORTWICK and BROWNING, JJ., concur.
NOTES
[1] On February 5, 2004, the trial court granted summary final judgment in favor of Kebert for monetary damages at the sovereign immunity limit of the school board, based upon the January 15th ruling which held the school board liable under count III.
[2] It is undisputed that the independent contractor's agreement in the instant case is the same or substantially the same agreement as that ruled on in Dixon. In Dixon, as in the instant case, the Duval County School Board had contracted out transportation services to an independent contractor, and the plaintiff sued the independent contractor, Bernice Duhart, as well as the driver and the school board, among others. There, as here, the plaintiff sought to hold the school board liable under the doctrine of respondeat superior. There the trial court ruled that the owner and driver were independent contractors and the school board was not liable under the doctrine of respondeat superior. We affirmed the trial court's ruling on appeal:

Review of the undisputed facts in the record reveals competent, substantial evidence to support the trial court's finding that appellants were independent contractors rather than employees of the School Board.
Dixon, 654 So.2d at 1232.