SHIVERS, Judge.
Employer appeals a workers’ compensation order awarding claimant payment of medical treatment provided by his hometown physician whom the employer refused to authorize. We affirm the order.
Claimant, a Brooksville resident, suffered a compensable back injury which continues to cause severe pain. Although claimant repeatedly requested the employer to furnish him with medical treatment in the Brooksville area, the employer insisted on referring the claimant to physicians located in Tampa or Lakeland, each approximately 50 miles from Brooksville. The employer refused to authorize treatment by a local physician until approximately 11 months after claimant’s injury when the employer inexplicably authorized treatment by Dr. Escamilla of Brooksville, whose practice is limited to obstetrics and gynecology. At the hearing below, the sole issue before the deputy commissioner was whether the employer was required to pay the medical bills of a Brooksville physician, Dr. House, from whom claimant received both emergency and remedial treatment without authorization. The deputy commissioner found the employer refused to authorize medical treatment and that Dr. House’s treatment was reasonable and necessary, and awarded payment of his medical bills by the employer.
There is competent, substantial evidence in the record to affirm the finding that the employer refused to authorize medical treatment and that the employer carrier should be required to pay Dr. House’s medical bill. The deputy commissioner found there was competent orthopedic treatment available in the Brooksville area and reasonably concluded, based upon competent evidence, that the employer should not require the claimant, who has a painful back aggravated by riding long distances, to travel unnecessarily to Tampa or Lakeland to obtain treatment which could be furnished in Brooksville. Since claimant was suffering from a severe arthritic condition superimposed on his back condition and *156 was in need of emergency care, he properly received treatment from Dr. House, a family practitioner in Brooksville, and the deputy commissioner was correct in awarding payment of Dr. House’s medical bills associated with the emergency treatment. Claimant testified that he sought the services of Dr. House “for the simple reason that he seemed like the only one I could get any help from or get any relief from the pain that I was having.” The deputy commissioner was also correct in awarding payment of Dr. House’s medical bills associated with his continued remedial treatment of the claimant which was approved or affirmed by Dr. Pfaff of Lakeland and by Dr. Rubio of Tampa, both employer designated physicians who either treated or examined and evaluated the claimant. The deputy described the employer’s conduct in furnishing medical treatment to the claimant as “manipulative” and we agree. Therefore, claimant is entitled to have the employer pay the bills of Dr. House up until such time as the employer specifically authorizes treatment by a qualified orthopedist in Brooksville as required by the deputy commissioner.
We reject the employer’s contention that the deputy commissioner erred in admitting into evidence additional medical reports which were not specified in the parties’ stipulation. The stipulation only served to indicate those medical reports which would be admitted into evidence without objection by the parties and could not serve as a basis to exclude the admission of other medical reports subject to a valid objection by either party. Besides, even assuming the admission of all reports could be called error, it is harmless error since the testimony of both Dr. House and the claimant furnish a sufficient basis for the appealed order.
Additionally, the employer contends the deputy commissioner erred in excusing the late filing of Dr. House’s medical reports and bills without a showing of good cause. We do not agree. Although the reports were untimely filed under Section 440.13(1), Florida Statutes (1977), since 29 days passed between claimant’s initial visit to Dr. House on December 14,1978, and the filing of the reports on January 9,1979, the deputy found the employer was on notice as of December 14, 1978, that Dr. House was commencing treatment of the claimant and continued to receive periodic reports from Dr. House and his bills which they have refused to pay. In light of this evidence, we cannot say that the deputy erred in finding good cause under the statute to excuse the late filing.
The remaining points are without merit. The testimony deemed “hearsay” by the employer does not materially affect the primary issue here since there is additional competent evidence upon which to sustain the order. Therefore, the deputy did not err in awarding claimant, who was injured on November 30, 1978, a reasonable attorney’s fee and reimbursement of costs.
Accordingly, we affirm the appealed order.
AFFIRMED.
McCORD and JOANOS, JJ., concur.