419 So.2d 369 (1982)
VANNICE CONSTRUCTION COMPANY, and American States Insurance Company, Appellants,
v.
Frank SILVERMAN, Appellee.
No. AG-352.
District Court of Appeal of Florida, First District.
September 10, 1982.
*370 John H. Thompson, IV, Earle & Thompson, St. Petersburg, for appellants.
Stevan T. Northcutt, Levine, Freedman, Hirsch & Levinson, Tampa, for appellee.
LARRY G. SMITH, Judge.
In this worker's compensation appeal, the employer/carrier contend the deputy erred in utilizing and relying on Dr. Lossing's rating which was not based on the American Medical Association's Guides to the Evaluation of Permanent Impairment (AMA Guides). The employer/carrier further urge as error paragraph five of the deputy's order[1]  which arguably requires them to pay claimant's psychiatric bills  on the ground that there was no compliance with the reporting requirements of Section 440.13(1), Florida Statutes (Supp. 1978). In his cross-appeal, claimant contends the deputy erred in determining his disability solely on the basis of his anatomical impairment without consideration of his loss of wage earning capacity. He also complains that the deputy erred in failing to require payment of his physicians' bills.
Although the deputy's reliance on Dr. Lossing's rating was a technical error, we nevertheless affirm this point because the employer/carrier failed to bring this error to the deputy's attention during the thirty day period before the order became final. Dade American Hospital Supply v. Perez, 417 So.2d 296 (Fla. 1st DCA 1982). We also affirm without discussion, the deputy's finding of no wage earning capacity loss in excess of the 35% permanent impairment rating as this is supported by competent and substantial evidence in the record. Next, we find that payment of claimant's physicians' bills was a contested issue below and thus the deputy was required to determine whether the reporting requirements of Section 440.13(1) were met, or if not, whether there was an excuse for noncompliance.[2] The deputy's failure to make findings *371 in this respect requires reversal on this point. Arkin Building Corporation v. Miller, 401 So.2d 874 (Fla. 1st DCA 1981).
Finally, we construe paragraph five of the deputy's order as requiring payment of claimant's psychiatrist's bill. This was error since the order does not set forth good cause for the psychiatrist's failure to follow the reporting requirements of Section 440.13(1). A finding of good cause is a prerequisite to an order for payment of medical services where the statutory reporting requirements have not been met. Thus on remand, the deputy is directed to make findings on the existence or nonexistence of good cause which would excuse the psychiatrist from timely filing his medical reports. Cedars of Lebanon Health Care Center, Inc. v. Summerset, 409 So.2d 185 (Fla. 1st DCA 1982).
Accordingly, the order is AFFIRMED in part and REVERSED in part and REMANDED for further proceedings consistent with this opinion.
JOANOS and THOMPSON, JJ., concur.
NOTES
[1] Paragraph five of the decretal portion of the deputy's order provides:

The Employer/Carrier shall reimburse the Claimant, or pay directly to the pharmacies, as the case may be, the charges for medications prescribed by the various physicians for the treatment of the Claimant's traumatically induced seizure syndrome, and the psychiatric care related thereto.
[2] On remand, claimant is reminded of the requirement that copies of medical bills are to be introduced into evidence. American Grinding and Equipment v. Rodman, 411 So.2d 917 (Fla. 1st DCA 1982).