McCORD, GUYTE P„ Jr. (Ret.), Associate Judge.
J.W. Wynn appeals from a final order of the deputy commissioner denying his claim for medical bills and expenses incurred during a stay at the Mayo Clinic in Rochester, Minnesota. We reverse and remand.
Wynn injured his back in a compensable accident in November, 1982. An ineffective surgery was performed in August, 1983, and Wynn returned to his authorized physician, Dr. Haycook, in search of further treatment. In December, 1983, Hay-cook recommended to Wynn that he seek evaluation at the Mayo Clinic (Clinic), to which course Wynn reluctantly agreed. On 21 December, Haycook contacted the E/C’s claims manager, Kerlin, by telephone. He informed her that Wynn was not responding to treatment, was suffering continued severe pain and that all neuro-surgical and orthopedic means within the community had been exhausted. He told her that an outside opinion from the Clinic would be physically and psychologically valuable. Haycook believed Kerlin to have assented to the recommended treatment, and made reservations for Wynn at the Clinic.
By letter of 5 January 1984, Kerlin informed Wynn that she had requested a written report from Dr. Haycook confirming his statements to her regarding the exhaustion of local treatment alternatives and that “this report must be received or we cannot authorize treatment for your Mayo stay.” Despite the language of this letter, Kerlin had previously assented to the re-arrangement of other doctors’ appointments made for Wynn in order that he might keep his Clinic appointment. Up until the day before his scheduled departure, Wynn repeatedly contacted Haycook’s office regarding the written report requested by the E/C and was assured that it would be sent. He thereupon left for his Clinic stay, believing it to be authorized.
Wynn was evaluated at the Clinic and, upon his return, sent the E/C a letter detailing his bills and expenses, unaware that Haycook had never sent the report. On 13 March 1984, still without the report from Haycook, the E/C informed the Clinic that the trip had been unauthorized and that it would not make payment therefor. Hay-cook finally filed the report on 23 May 1984, stating that he believed the trip to have been approved in December, 1983.
Wynn filed the instant claim in July, 1984. The E/C controverted, arguing that the trip had not been authorized. It also pointed out the Clinic’s failure to submit the report of treatment required by Section 440.13(2)(b), Florida Statutes (1983). The deputy denied the claim, finding that the trip was unauthorized. He held the claim further barred by the Clinic’s failure to file the statutorily required report, for which failure Wynn had not shown good cause.
The deputy erred in finding that Wynn did not show good cause for the Clinic’s failure to file the report of treatment. A claimant satisfies his burden of establishing a good cause excuse for a health care provider’s failure to honor reporting requirements when he has presented evidence disclosing that the employer has conducted itself so inconsistently as to have waived its right to rely on those requirements as a defense to the claim. Watson v. Freeman Decorating Co., 455 So.2d 1097, 1101 (Fla. 1st DCA 1984). Such evidence will show (1) the employer’s knowledge of the claimant’s condition and of the fact that benefits were being provided by a specific health care provider, (2) its acquiescence in the treatment, and (3) its disavowal of its responsibility to furnish medical benefits because of a violation of *553 the reporting provisions. The employer must then demonstrate how it was prejudiced by the reporting failure. Watson at 1001.
Here, Wynn demonstrated that the E/C knew of his condition and that he was being referred to the Clinic, based on Hay-cook’s communication to Kerlin. He showed acquiescence in the referral, demonstrated by the E/C’s willingness to allow Wynn to postpone other treatment in order that he might keep the Clinic appointment. Finally, the E/C used the Clinic’s violation of the reporting requirements to disavow responsibility for payment. It then became incumbent upon the E/C to demonstrate that it was prejudiced by the reporting failure. It made no such showing. Therefore, the deputy erred in holding Wynn’s claim barred by the Clinic’s failure.
Referral by an authorized treating physician in the exercise of his own judgment and not at the claimant’s request places the referral in the “normal progression of authorized treatment” for which the E/C is responsible. McKinney v. McKinney Farms, 380 So.2d 469, 470 (Fla. 1st DCA 1980). However, this implied authority extends only to evaluation, not to treatment. Jones v. Plantation Foods, 388 So.2d 590, 591 (Fla. 1st DCA 1980); Atkins v. Greenhut Construction Co., 447 So.2d 268, 271 (Fla. 1st DCA 1983). Because it is undisputed that Dr. Haycook was at all times material hereto Wynn’s authorized physician, and that the referral to the Clinic was not at Wynn’s request but at Hay-cook’s recommendation, the E/C is responsible for all expenses of the referral except those relating to treatment.
Reversed and remanded for the limited purpose of taking evidence relevant to a determination of the proportion of Wynn’s expenses related to evaluation at the Clinic and, once determined, entry of an order awarding that amount to him.
ERVIN and WIGGINTON, JJ„ concur.