MILLS, Judge.
Newport Trucking and Southern Fire Adjusters (E/C) appeal from a workers’ compensation order, raising the following issues for this court’s consideration: (1) whether the deputy commissioner erred in finding the instant claim was not barred by the statute of limitations found in Section 440.19, Florida Statutes (1983); (2) whether the deputy commissioner erred in awarding temporary partial disability (TPD) benefits from 8 January 1983 until 10 December 1983; (3) whether the deputy commissioner erred in awarding TPD benefits from 28 February 1985 until 24 March 1985 and wage-loss benefits from 25 March 1985 until 30 June 1985; and (4) whether the deputy commissioner erred in awarding payment of the medical bills of Dr. Albanes, Dr. Martinez and Hialeah Hospital. We find no error and affirm.
Gonzalez moved to the United States from Cuba in 1972 and in that same year began working for the employer herein as a truck driver. On 21 August 1981, Gonzalez suffered a slip-and-fall accident during the course of his employment, which resulted in a lower back injury. He was treated by Dr. Albanes for lumbosacral sprain and received temporary total disability (TTD) benefits from the date of his accident until 5 October 1981, the date he returned to work for Newport Trucking.
Gonzalez was let go by the employer on 8 January 1983, at which time he began collecting unemployment compensation benefits. He received these benefits until 10 December 1983.
On 18 May 1983, Gonzalez again sought treatment from Dr. Albanes. The doctor *691 had told Gonzalez to return to him in the event of reoccurrence of his pain. A few days prior to this visit, the claimant had been working in his yard when he realized an exacerbation in his back injury. Dr. Albanes opined that the claimant’s exacerbation might have been spontaneous, but within a reasonable degree of medical probability it could also be said that the 1981 accident caused the problem in 1988. Dr. Albanes suspected Gonzalez might have a protruding disc and hospitalized him for tests and therapy accordingly. However, the doctor did not consider Gonzalez a candidate for surgery because he was too heavy. (The claimant is 511" and weighs 310 pounds.)
On 28 February 1984, Gonzalez realized another exacerbation when he picked up his three-year-old child and felt a tremendous pain. In this regard, he sought treatment from Dr. Martinez, a chiropractor. Dr. Martinez opined that Gonzalez reached maximum medical improvement (MMI) on 25 March 1985 and pursuant to the AMA guidelines retained a 15% permanent impairment.
On 28 March 1985, Gonzalez filed a claim for benefits. This resulted in an order on 8 January 1986, wherein it was found the care rendered by Dr. Albanes in 1983 was remedial in nature and tolled the statute of limitations in the case. Gonzalez was awarded TPD benefits from 2 January 1983 through 10 December 1983, with the E/C allowed credit for the unemployment compensation he received during this period. From 10 December 1983 until 30 April 1985, the deputy commissioner denied TPD based on an inadequate work search. From 1 March to 24 March 1985, the deputy commissioner found a good faith work search was performed and awarded TPD benefits. Likewise, from 25 March 1985 (the date of MMI) until 30 June 1985, Gonzalez’ job search was deemed adequate and the E/C ordered to pay wage loss benefits. The E/C was also ordered to pay the medical bills of Dr. Albanes, Dr. Martinez and Hialeah Hospital.
Pursuant to Section 440.19(l)(a) and (b), Florida Statutes, the right to compensation shall be barred unless a claim is filed within two years after the date of the last payment of compensation or after the date of the last remedial treatment furnished by the employee. Further, it is the receipt of medical care, not the reporting of the same, which tolls the statute of limitations contained in Section 440.19. Escribano v. Westinghouse Electric Co., 453 So.2d 130 (Fla. 1st DCA 1984).
The E/C concede that Dr. Albanes remained authorized to treat Gonzalez, but argue that the care rendered by the doctor in 1983 was given as a result of a new accident which was not causally related to the industrial accident of 1981. However, the testimony rendered by Dr. Albanes at the hearing established within a reasonable degree of medical probability that the pain experienced by Gonzalez in 1983 was an exacerbation of his original injury. Accordingly, we affirm the deputy commissioner’s finding that the treatment received by Gonzalez in 1983 was remedial in nature and tolled the statute of limitations contained in Section 440.19.
Turning to the second issue on appeal, we find the deputy commissioner’s award of TPD benefits from 8 January 1983 until 10 December 1983 is supported by competent substantial evidence as Bruce Marks, custodian of records for the Bureau of Unemployment Compensation, testified that Gonzalez provided his office with a written record of a good faith work search in order to receive unemployment compensation during the period at issue. This record included the names and addresses of places where he looked for work, the date he contacted them, and the type of employment he sought. The record was not produced at the hearing because it had been purged from the bureau’s files.
The award, under issue three, of TPD and wage-loss benefits from 28 February 1985 until 30 June 1985 is also supported by competent substantial evidence. The record contains evidence that Gonzalez con *692 ducted an adequate good faith work search during this period.
Issue five presents a more difficult question, namely: Is there competent substantial evidence in the record to support the deputy commissioner’s excusal of the ten-day filing requirement contained in Section 440.13, Florida Statutes (1983). The deputy commissioner based his excusal on the fact that there was confusion in both Dr. Albanes’ and Dr. Martinez’ offices as to where their reports were to be directed. This justification was held valid in Florida Sod Co. v. Myers, 432 So.2d 645 (Fla. 1st DCA 1983), where the carrier was not hindered in its evaluation of the claim due to the absence of prompt reports. As stated by Judge Wentworth in her concurring opinion in Florida Sod Co. v. Myers, once a deputy commissioner has found the requisite elements to support an excusal, reversal is prevented unless the appellant can show “a lack of any record evidence of ‘good cause’.”
In the present case, both doctors testified to the confusion in the insurance departments of their respective offices; such confusion in part being prompted by the claimant’s use of his wife’s insurance card to obtain treatment. Thus, the E/C has failed to demonstrate a lack of evidence to support the deputy commissioner’s excusal. Further, no showing has been made that they were prejudiced by the doctors’ late filing. Accordingly, we affirm on this issue. See also, Watson v. Freeman Decorating Co., 455 So.2d 1097 (Fla. 1st DCA 1984).
Affirmed.
BOOTH, C.J., and WENTWORTH, J., concur.