SHIVERS, Judge.
The employer/carrier (E/C) in this case appeal the deputy commissioner’s (DC’s) award of temporary total disability (TTD) benefits to the claimant past June 5, 1987, the date on which the E/C allege the claimant reached maximum medical improvement (MMI). We agree with the appellants’ argument on appeal, and reverse.
Claimant, Jerald Hickman, was injured in a compensable accident on November 3, 1986, when he fell from the rear of a garbage truck in the course and scope of his employment with appellant, City of Fort Meade. He was treated at Bartow Memorial Hospital for pains in his head, neck, and back, and discharged on November 6, 1986 with permission to return to work on November 11, 1986. When he returned to work, he had been fired for failure to procure a proper excuse for missing work the week prior to the industrial accident, Claimant performed an unsuccessful work search, and received unemployment compensation benefits through the end of May 1987.
Meanwhile, claimant was examined by an orthopedic surgeon (Dr. Phaff) on April 23, 1987, complaining of head and low back pain. Dr. Phaff treated the claimant on four occasions and, on June 5, 1987, discharged him as having reached MMI with no physical impairment. The E/C, who had been paying TTD benefits since the date of accident, filed a notice to controvert on the basis that the claimant had reached MMI without impairment on June 5, 1987.
■ After a hearing on July 23, 1987, the DC entered an order finding, among other things, that claimant’s head and back injuries were related to the accident, that the MMI date assigned by Dr. Phaff was from an orthopedic standpoint only, that claimant could not have reached MMI from the head injury since he had received no treatment for it, and that claimant continued to complain of physical problems. Based on these findings, the DC determined that the claimant remained TTD, and ordered the E/C to pay TTD benefits from the date of accident and continuing.
We agree with the E/C’s argument on appeal that the deputy erred in ordering the payment of TTD benefits past June 5, 1987. The uncontroverted medical evidence in the record establishes that the claimant reached MMI on June 5,1987 with no permanent impairment, and there is no evidence to support the DC’s findings that claimant had reached MMI from an orthopedic standpoint only and that he received no treatment for his head injury. Dr. Pfaff s records, which were introduced into evidence at the hearing, clearly indicate that the purpose of each of claimant’s appointments was to “recheck head and low back,” and culminate in Pfaff’s June 5, 1987 note that claimant had reached MMI and should be discharged to full capacity with no permanent impairment. Further, claimant himself testified at the hearing that his inability to find work was based on the fact that none of the businesses he *1216 contacted through his job search had openings, and was not because of his injuries or physical disabilities. Although he did testify at the hearing that he continued to suffer from headaches, he also specifically stated that he could have returned to his job as a garbage collector after the accident had the City given him his job back.
Accordingly, the portion of the August 25, 1987 order awarding TTD benefits past June 5, 1987 is reversed, and the matter remanded for the DC to enter an order consistent with this opinion.
MILLS and WIGGINTON, JJ., concur.