SHIVERS, Judge.
The claimant in this workers’ compensation case appeals an order entered by the deputy commissioner (DC) denying the payment of medical bills incurred for past treatment, and denying authorization of *760 further treatment by Dr. Jackson (a chiropractor) and Dr. Rosenblatt (a specialist in physical medicine and rehabilitation). We reverse both findings.
The record indicates that claimant injured both his back and his right knee in a December 13, 1984 industrial accident, but that the several different physicians authorized by the employer/carrier (E/C) treated claimant for his knee condition only. On April 1, 1986, claimant’s attorney wrote a letter to the carrier specifically inquiring as to whether the E/C considered claimant’s back problems to be compensable and, if so, why his physician at the time (Dr. Un-ger) had not been authorized to treat his back. The carrier responded several days later stating its position that claimant’s back injury was not compensable. Claimant’s attorney then replied on April 17, 1986, advising the carrier that since medical treatment had been refused for any condition other than the claimant’s knee injury, the claimant would be referred to a physician for treatment of his back and would later attempt to hold the E/C responsible for payment of medical bills, subject to a determination of reasonableness and necessity of the treatment by the DC.
In June 1986, claimant began treatment with Dr. Jackson, who diagnosed nerve compression in the lower lumbo-sacral area and referred claimant to Dr. Rosenblatt to verify his diagnosis of nerve damage. Ro-senblatt felt that the claimant needed immediate hospitalization and contacted the E/C for authorization, but was^ advised that hospitalization would not be approved since the claimant already had an authorized physician. Dr. Jackson agreed that the claimant needed to be hospitalized, but claimant ended his treatment with Jackson because he could not afford it. Jackson testified at a later hearing that he attempted to obtain authorization from the E/C when he first began treating the claimant, and that he filed a copy of his bills for treatment in early July of 1986. Jackson reevaluated the claimant on October 9, 1987, and found that his condition had deteriorated, that he had not yet reached maximum medical improvement, and that he needed to enter a work hardening program to rehabilitate his muscles.
After a hearing, the DC entered an order finding that claimant’s back injury was compensable, but denying his claims for payment of Drs. Jackson and Rosenblatt’s past medical bills and for future treatment by Jackson and Rosenblatt. With regard to the payment of past bills, the deputy found that the claimant had at all times been provided with appropriate authorized medical care, and that since the claimant had specifically requested care by Drs. Jackson and Rosenblatt, it was the claimant’s burden to seek an order from the DC authorizing those specific physicians before obtaining treatment from them. With regard to the claim for future treatment, the DC found that the claimant should receive future care from an orthopedic surgeon, rather than from Drs. Jackson and Rosen-blatt, and authorized treatment by any of the physicians previously authorized, by a Dr. Kurzner, or by any other orthopedic surgeon on whom the parties might agree.
We find the denial of payment of past medical bills to be erroneous for two reasons. First, the DC’s conclusion that claimant was at all times provided with appropriate medical care is not supported in the record, since it is clear that the E/C felt claimant’s back condition was not com-pensable and that, at least as of April 1, 1986, Dr. Unger had refused to provide claimant with any further treatment. After requesting the carrier’s position on compensability of claimant’s back injury, and being advised that the carrier felt the injury was not covered under workers’ compensation, the claimant properly notified the E/C that he intended to seek treatment on his own and to hold the E/C responsible for payment. Since the E/C had failed or neglected to provide treatment, claimant was authorized, under section 440.13(2)(b), Florida Statutes, to seek treatment at the E/C’s expense, subject to a later determination of the reasonableness and necessity of the treatment by the deputy commissioner. Further, since the E/C does not dispute the deputy’s specific finding in his order that claimant’s back condi *761 tion was compensable, we find there to be competent substantial evidence to support the reasonableness and necessity of the treatment.
Second, the record does not support the deputy’s finding that the claimant specifically requested care by Drs. Jackson and Rosenblatt. Even if the claimant had specifically requested authorization of those physicians, he was not required, as found by the deputy, to seek an order authorizing those physicians prior to treatment since the E/C had refused to provide treatment after claimant’s request. Section 440.13(2)(b), Florida Statutes.
We also find there to be no support in the record for the DC’s award of future treatment by an orthopedic surgeon. There is, on the other hand, competent substantial evidence to support the appellant’s claim for future treatment by Drs. Jackson and Rosenblatt, based on Dr. Jackson’s deposition testimony and the report of the carrier’s vocational rehabilitation consultant, indicating claimant to be in need of a work hardening program. Since Dr. Jackson’s proposed program includes rehabilitation of claimant’s whole body, including his injured knee and back, in order that he might develop enough strength to be placed into a work situation without predisposing him to further injury, the record indicates that treatment by Jackson and Rosenblatt would be more beneficial to the claimant than future orthopedic treatment.
Accordingly, we reverse the DC’s denial of payment of Drs. Jackson and Rosen-blatt’s past medical bills, reverse the award of future orthopedic treatment, and remand for entry of an order awarding future treatment by Drs. Jackson and Rosen-blatt.
MILLS and WIGGINTON, JJ., concur.