SHIVERS, Judge.
The claimant in this workers’ compensation appeal suffered injuries to her left shoulder, arm, and hand while lifting a five gallon bucket of wet laundry during the course of her employment with Inn Service Corporation. She was treated by Dr. Potash who diagnosed her condition as a cervical strain in the left trapezius lateral to the neck area but not involving the cervical muscles. On September 10, 1986, Dr. Potash returned her to work with no impairment except that she was to remain at light work for a short period of time. The doctor stated that the claimant reached maximum medical improvement (MMI) on September 11, 1986. Claimant was terminated from her employment on October 2, 1986, and has not worked since.
At her attorney’s behest the claimant sought the medical services of Dr. Lopez on January 9, 1987. The deputy commissioner (DC) accepted Dr. Lopez’s diagnosis and opinions over those of Dr. Potash. Dr. Lopez diagnosed the claimant as suffering from post-traumatic painful cervical syndrome with left upper extremity radiculitis and possible left median carpal tunnel syndrome with an anxiety depression condition. In the doctor’s opinion, which he based on reasonable medical probability, these conditions were causally related to the industrial accident of August 31, 1986. Dr. Lopez last saw claimant in May 1987 and opined at that time that she had not reached MMI and he restricted her activities to no strenuous activity with the left upper extremity. Dr. Lopez did not provide the E/C with any reports of injuries and treatments regarding claimant.
The DC also found that claimant’s failure to conduct a job search was excusable because, among other reasons, the employer/carrier (E/C) failed to advise her of her obligations to return to or look for work.
The DC ordered the E/C to pay the claimant temporary partial disability (TPD) benefits from January 9, 1987 to February 27, 1987, to provide the claimant with the necessary medical care and surgery with Dr. Lopez, and to pay the outstanding bill for medical services provided by Dr. Lopez. *309 The E/C challenge the DC’s finding that MMI was not reached and challenge the DC’s awards of TPD benefits and payment of Dr. Lopez’s medical bill. We reverse the award of payment by the E/C of Dr. Lopez’s medical bill and affirm the remaining points on appeal.
The E/C advance City of Fort Meade v. Hickman, 528 So.2d 1214 (Fla. 1st DCA 1988) in support of their contention that the DC erred by not finding that claimant reached MMI. In Hickman the DC determined that the claimant could not have reached MMI, despite what his doctor found, because the doctor’s finding was from an orthopedic standpoint only and because it was not based on treatments for claimant’s head injury. We reversed because the record showed that the claimant’s medical check ups pertained to his head injury as well as the orthopedic conditions and therefore the uncontroverted medical evidence that MMI was reached established attainment of MMI.
The instant case involves one physician establishing MMI and a subsequent physician finding that the claimant had not yet reached MMI with the DC accepting the latter finding. Hickman on the other hand involves uncontroverted medical evidence establishing MMI with a lack of evidentiary support for the DC’s, limitation of MMI to an orthopedic standpoint only. Thus Hickman does not apply here.
The DC simply chose one physician’s MMI opinion over that of another. It is well established that such is appropriately the task of the DC because as fact-finder he is in the best position to do so. E.g., Curry v. Miami Dolphins, Ltd., 522 So.2d 1010 (Fla. 1st DCA 1988).
As to the award of TPD benefits, the DC relied upon the testimony of Dr. Lopez in finding that residuals of claimant’s compensable accident hampered her work abilities and entitled her to TPD benefits from January 9, 1987, the first visit with Dr. Lopez, and February 27, 1987, the date of the pretrial stipulation and order.[1] The E/C strongly urge reversal because they contend that it was an automobile accident that claimant was involved in on November 12, 1986 (which the claimant never mentioned to Dr. Lopez) that caused claimant’s problems with her shoulder, arm, and hand. Claimant’s trauma history was presented to Dr. Lopez at the hearing but the doctor maintained his theory of causation based on reasonable medical probability. We find that this testimony is competent, substantial evidence upon which the DC based his findings. Even if we would have reached a different conclusion under these facts we will not supplant the DC’s decision. Swanigan v. Dobbs House, 442 So.2d 1026 (Fla. 1st DCA 1983).
Also, the DC properly excused the work search because the E/C failed to apprise claimant of her duty to conduct one. Lopez v. Nabisco Brands, Inc., 516 So.2d 993 (Fla. 1st DCA 1987).
As required by section 440.13(2)(b), Fla.Stat. (1985), following her initial medical treatment, the claimant requested further medical treatment from the E/C who failed to provide any. She then procured Dr. Lopez whose treatment the DC found to be compensable. The same statute also requires the health care provider to furnish the E/C with a report of the injury and treatment; failure to so furnish may be excused by the DC for good cause. Section 440.13(2)(b). The showing of a good cause excuse is incumbent upon the claimant. Watson v. Freeman Decorating Co., 455 So.2d 1097 (Fla. 1st DCA 1984). The instant claimant made no good cause showing and the record does not support one. In addition, the DC did not specifically excuse the untimely filing of Dr. Lopez’s reports. He simply mandated the payment of the doctor’s bill.
This is not a case of waiver as in Watson. That case requires that once a claimant demonstrates inconsistent conduct on the part of the E/C, then the E/C must demonstrate how it was prejudiced by the *310 failure to report. The inconsistent conduct in Watson arose because the E/C there knew of the medical treatments, acquiesced in them, and yet maintained that they were unauthorized because of a reporting violation. In the instant case there is no indication that the E/C knew of Dr. Lopez’s treatments. Indeed, it was the claimant’s attorney who referred her to the doctor. Thus, claimant here is held to the requirement of showing a good cause excuse. Neither the record nor the DC’s order contains indicia of one.
We reverse the award of payment by the E/C of Dr. Lopez’s bill and remand for a good cause determination.
AFFIRMED IN PART AND REVERSED IN PART.
BOOTH and THOMPSON, JJ., concur.

. We note that the DC prudently limited the TPD award to that time after which claimant came under Dr. Lopez’s care.