MINER, Judge.
This cause is before us on appeal from an order of the deputy commissioner (dc) denying medical benefits and finding the claimant/appellant’s myocardial infarction noncompensable.
While working for Silver Springs Shores Golf & Country Club in July 1979, claimant sustained a compensable injury in which he lost three toes on his left foot. As a result, claimant has an antalgic gait which causes back pain. Apparently, this contributed to a second industrial accident in October 1983 while claimant was employed by Certified Grocers. He suffered a fractured right forearm and required a carpal tunnel operation on his wrist. In November 1985, Mr. Gephart suffered a myocardial infarction which he attributed to the severe emotional stress imposed upon him by his industrial accidents.
In the claim for benefits that forms the basis of this appeal, claimant sought: (1) an adjudication as to the onset date for permanent total disability (PTD) benefits; (2) payment for past and future psychiatric care; (3) payment for physical therapy or, in the alternative, a contour chair, and (4) benefits stemming from claimant’s myocardial infarction. The dc found that appel-lees, Certified Grocers and Crump Special *331 Services, had accepted Gephart as PTD pri- or to the hearing, thus making an adjudication of the onset date unnecessary and improper. The dc denied the requests for medical benefits and found that claimant’s myocardial infarction was noncompensable as it was unrelated to either of claimant’s industrial accidents.
Because we find that the dc erred in denying the claimant’s request for future psychiatic care, it would be premature to establish an onset date for PTD. Thus, the dc’s refusal to rule upon the date can be affirmed. We also agree with' the dc’s conclusions concerning the physical therapy and contour chair, and the noncompens-ability of claimant’s myocardial infarction. As to these issues, we affirm the dc’s order without further elaboration. The denial of psychiatric treatment is problematic, however, and that part of the order requires further attention.
The claim for psychiatric treatment was directed against Certified Grocers and was based upon the claimant’s October 1983 industrial accident. The claim requested payment of past due psychiatric bills and authorization for continued care by Dr. Tim Byrd, a psychiatrist, and Dr. Rodney Poet-ter, a psychologist. The claimant argues that psychiatric care was medically necessary and as a result, Certified Grocers’ failure to provide such care freed the claimant to obtain it unilaterally, subject to the dc’s finding that the treatment was in fact reasonable and necessary. The employer and carrier (e/c) point out that the treatment was unauthorized, and that the claimant never requested psychiatric treatment prior to unilaterally obtaining such care upon his attorney’s recommendation. In addition, the e/c claim that the dc correctly found the treatment to be unreasonable and unnecessary.
The record shows that the claimant was given a psychological evaluation by Dr. Poetter on August 27, 1984. Dr. Poetter’s findings were contained in a September 6 report which was sent to Certified Grocers’ insurance carrier. Dr. Poetter found that the claimant was suffering from a depressive disorder which required immediate treatment since there were indications that the disorder was prepsychotic. Dr. Poetter added that this condition resulted from the claimant’s October 1983 industrial accident. Apparently, no further action was taken concerning the claimant’s psychological condition until Dr. Byrd examined him on February 8, 1985. Dr. Byrd testified in agreement with Dr. Poetter’s report, both as to the nature of the claimant’s condition and its causal relationship to the 1983 industrial accident. According to Dr. Byrd, the claimant required primarily pharmacological management for antidepressant medication in addition to some psychotherapy. After the initial visit, Dr. Byrd did not see the claimant again until February 1986, at which time he began seeing the claimant on a regular basis. Bills were sent to both employers’ insurance carriers and, beginning in July 1986, the carriers were sent copies of the progress reports that Dr. Byrd prepared for the claimant’s attorney.[1] On April 7, 1986, the claimant filed a claim for benefits which requested authorization of Drs. Byrd and Poetter.
The portion of the dc’s order denying the claim for psychiatric treatment stated:
I find that the claimant is not entitled to care and treatment under Dr. Byrd, and, in so doing, as has been previously found, I reject Dr. Byrd’s testimony in this regard. In making this finding, I note from the record and evidence presented, that the claimant came under the care and treatment of Dr. Byrd, not by referral of any of his treating physicians who deemed said treatment necessary, but rather by the claimant’s attorney. I further find that neither employer/carrier is responsible for past care and treatment under Dr. Byrd in that said care and treatment was unauthorized.
*332 In its denial of future psychiatric treatment, the order is flawed and must be reversed. Dr. Byrd’s testimony and the findings contained in Dr. Poetter’s psychological evaluation are uncontradicted. Thus, the dc was not at liberty to reject this medical testimony without sufficient reason. Calleyro v. Mt. Sinai Hospital, 504 So.2d 1336 (Fla. 1st DCA), review denied, 513 So.2d 1062 (Fla.1987). In rejecting Dr. Byrd’s testimony, reference was made to an earlier part of the order in which the dc rejected Dr. Byrd’s opinion as to the cause of the claimant’s myocardial infarction; Dr. Byrd had opined that the psychological stress from claimant’s industrial accidents could have caused the heart attack. The dc found that the opinion amounted to “nothing more than speculation and conjecture” in that Dr. Byrd had only examined the claimant on one occasion prior to the heart attack, and this was nearly one year prior to the attack. Although the dc’s rejection is reasoned and valid as it concerns this part of Dr. Byrd’s testimony, the reasoning is not applicable to that portion of the testimony concerning the claimant’s need for further psychiatric treatment. Dr. Byrd’s testimony concerning the claimant’s psychiatric condition and future need for treatment was unrefuted and was based upon a longstanding relationship with the claimant. There was nothing speculative or conjectural about this portion of the testimony.
The only other reason for rejecting the-testimony was the dc’s observation that the claimant was referred to Dr. Byrd by his lawyer rather than by one of his treating physicians. Although referral by a treating physician has been noted “parenthetically” as indicative of the need for treatment, Cedars of Lebanon Health Care Center, Inc. v. Summerset, 409 So.2d 185, 187 (Fla. 1st DCA 1982), the source of the referral has not been given such dispositive weight that uncontroverted medical testimony should be ignored.
The portion of the order denying payment for past treatment is also flawed. The dc bases his denial on the fact that the treatment was unauthorized. Although this fact is unmistakable, this should not have ended the inquiry. Section 440.-13(2)(b), Florida Statutes (1987), provides:
If the employer fails to provide such treatment, care, and attendance after request by the injured employee, the employee may do so at the expense of the employer, the reasonableness and the necessity to be approved by a deputy commissioner. The employee shall not be entitled to recover any amount personally expended for such treatment or service unless he has requested the employer to furnish the same and the employer has failed, refused, or neglected to do so or unless the nature of the injury required such treatment, nursing and services and the employer or the superintendent or foreman thereof, having knowledge of such injury, has neglected to provide the same.
Thus, the dc was required to make a determination as to the reasonableness and necessity of the treatment given to claimant at the very least, after April 7, 1986, when the claim for benefits was filed requesting authorization of Drs. Byrd and Poetter. Prior to this time, we find that Sistrunk v. City of Dunedin, 513 So.2d 200 (Fla. 1st DCA 1987), is instructive. In keeping with the self-executing nature of the Workers’ Compensation Law, Sistrunk requires that the employer furnish treatment when the employer knows, or reasonably should know from facts properly and diligently investigated, that the nature of the injury requires such treatment. Thus, even absent a formal request in the form of a claim for benefits, a claimant is entitled to reimbursement for money personally expended on treatment if the dc finds that the treatment was reasonable and necessary.
In the instant case, the e/c could not have known of the claimant’s need for psychiatric treatment prior to receiving the report from Dr. Poetter in September 1984. Upon receipt of the report, however, the e/c knew of the claimant’s psychological condition. By choosing to remain ignorant, the e/c allowed the claimant to obtain treatment unilaterally, subject to the dc’s determination as to the reasonableness and necessity of the treatment obtained. The *333 dc erred in refusing to make such a determination.
For the above reasons, that portion of the order concerning past and future psychiatric care is reversed and remanded. On remand, the dc is directed to make a determination as to the reasonableness and necessity of the psychiatric treatment obtained after September 1984. In addition, the dc must reconsider the claimant’s request for future psychiatric care, taking into account the unrefuted testimony of Dr. Byrd. In all other respects, the order is affirmed.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.
BOOTH and JOANOS, JJ., concur.

. In the report dated July 9, 1986, Dr. Byrd stated: "I plan to continue with the Adapin as well approximately [sic] supportive psychotherapy. I stress once again that his psychiatric problems are directly related to his on the job accident and that psychiatric care is needed more intensively than is currently being provided.”