WENTWORTH, Judge.
Claimant appeals a workers’ compensation order which determined that he had not reached maximum medical improvement, was not totally disabled, and had not conducted an adequate work search for an award of temporary partial disability benefits. It also determined that claimant is not entitled to payment of certain medical bills for unauthorized treatment. We affirm the order as to the denial of compensation for disability during the period claimed, but reverse as to the denial of payment of the contested medical bills.
Claimant was employed as a community college instructor and coach specializing in racket sports, and sustained an injury to his shoulder. Initially continuing in his employment, claimant thereafter found himself unable to work and the employer accepted claimant’s injury as compensable. Medical care was provided through various physicians, several of whom noted that in addition to his shoulder complaints claimant may have suffered a related depression and psychological overlay. Disability benefits were paid until claimant’s release from a pain clinic, at which time such benefits were discontinued. Claimant nevertheless remained out of work, although he was able to perform certain chores on his cattle ranch. Resisting medication in favor of a “more natural” course of healing, and being unrepresented by counsel, claimant subsequently sent the employer’s servicing agent a letter requesting additional benefits including further medical treatment. In this letter claimant referred to his “pain, depression and associated mental and physical suffering....” Medical care was not provided for claimant’s mental condition, and claimant thereafter obtained psychiatric treatment without authorization.
Dr. Corwin became claimant’s treating psychiatrist, and determined that claimant was experiencing a chronic depressive illness with a chronic pain syndrome which was related to claimant’s industrial injury. Describing claimant’s condition as one of the “most severe” cases which he had seen, the doctor recommended that claimant remain in psychiatric care. The doctor con *370 tinued to be unauthorized, and claimant’s bills were partially paid through his group health insurance.
Other physicians saw claimant and expressed varying opinions as to his physical and mental condition, the recommended course of treatment, and claimant’s ability to engage in employment activities. An adequate evidentiary predicate was established to support the determination (1) that claimant has not reached maximum medical improvement and thus remains temporarily disabled, but (2) that he was not totally disabled and did not perform a work search sufficient for an award of temporary partial disability benefits. To the extent that there is conflicting evidence in this regard, we find that the challenged order adequately reveals the basis of the ruling within the required parameters as delineated in cases such as Curry v. Miami Dolphins Ltd., 522 So.2d 1010 (Fla. 1st DCA 1988). However, we find that an improper standard was applied in addressing'the compensability of claimant’s psychiatric treatment with Dr. Corwin.
In ruling that payment of Dr. Cor-win’s bills may not be awarded, the judge merely recited the doctor’s lack of authorization, without indicating any consideration as to the reasonableness and necessity of the treatment. The employer and servicing agent were clearly on notice that claimant may have been experiencing psychiatric difficulties related to his industrial injury, as indicated in earlier medical reports as well as claimant’s own letter to the servicing agent. In these circumstances the payment of Dr. Corwin’s bills may be awarda-ble under section 440.13(2)(a), Florida Statutes, if the doctor provided reasonable and necessary treatment required by “the nature of the injury or the process of recov-ery_” See Gephart v. Silver Springs Shores Golf & Country Club, 545 So.2d 330 (Fla. 1st DCA 1989); see also, e.g., Thomas v. Commercial Carrier Corp., 529 So.2d 758 (Fla. 1st DCA 1988).
The judge also noted that Dr. Corwin’s bills were not timely filed, as required by section 440.13(2)(b), Florida Statutes. But this enactment provides that the judge may excuse untimely filing “for good cause,” and a variety of reasons, including confusion in the doctor's office or actual knowledge by the employer, have been approved as establishing such good cause. See Newport Trucking v. Gonzalez, 497 So.2d 690 (Fla. 1st DCA 1986); Watson v. Freeman Decorating Co., 455 So.2d 1097 (Fla. 1st DCA 1984). The present case involves similar factors, and the judge did not address whether they are sufficient to provide good cause to excuse the untimely filing in the context presented. The claim for payment of Dr. Corwin’s bills should not have been denied without considering this circumstance, as well as whether the treatment was reasonable and necessary.
The order appealed is reversed insofar as it denies payment of Dr. Corwin’s medical bills, and the cause remanded for further proceedings on this issue. The order is otherwise affirmed.
ERVIN and WIGGINTON, JJ., concur.