SHIVERS, Chief Judge.
The claimant in this workers' compensation case appeals an order of the judge of compensation claims (JCC) denying her claim for payment of past medical bills on the basis of her physician’s failure to comply with the ten-day billing and reporting requirements of section 440.13, Florida Statutes. The employer/carrier (E/C) cross-appeal the JCC’s finding that claimant’s accident was compensable. We affirm the issue on cross appeal, but reverse and remand the issue on appeal for further proceedings.
The record in this case indicates that the claimant injured her back on March 27, 1989 while working as a nursery school teacher for the appellee/employer. She began chiropractic treatment with Dr. Dinner several days after the accident, and was terminated from her employment on April 6, 1989, shortly after reporting the accident to the employer and requesting medical treatment. Claimant continued her treatment with Dr. Dinner, and on April 25, 1989 was referred by Dinner to Dr. Aver-buch, an orthopedic surgeon.
In August 1989, an initial hearing was conducted on claimant’s claim for benefits, payment of past medical bills, penalties, interest, and attorney’s fees. At the conclusion of the hearing, the JCC announced his intention to rule in claimant’s favor on the issue of compensability, but to rule in the E/C’s favor on the claim for. payment of past medical bills, on the basis that claimant’s physicians had failed to timely submit bills and reports in accordance with section 440.13(2)(b), Florida Statutes. As a result, a second hearing was held in October 1989, on the sole issue of whether there existed good cause to excuse the untimely submission of bills and reports. After hearing arguments from both attorneys, the JCC found that claimant had failed to establish that the E/C had waived their, right to rely on the statutory reporting requirement, utilizing the three-pronged test set out in Wynn v. Hogan Baptist Church, 483 So.2d 551 (Fla. 1st DCA 1986).
Section 440.13(2)(b), Florida Statutes (1989) provides that claims for medical benefits shall not be valid and enforceable unless:
*539 Within ten days following the first treatment ... the health care provider or health care facility giving such treatment or treatments furnishes to the employer, or to the carrier if the employer is not self insured, a report of such injury and treatment on forms prescribed by the Division; however, a judge of compensation claims, for good cause, may excuse the failure of the health care provider or health care facility to furnish any report within the period prescribed and may order the payment to such employee of such remuneration or treatment or service rendered as the judge of compensation claims finds equitable
[[Image here]]
(emphasis supplied) We agree with appel-lees’ contention that there is adequate evidence in the record to support the JCC’s finding that medical bills and reports were not sent to the E/C within the time limitations set out in the above statute.
We also agree that the evidence does not establish all three elements of the test for good cause excuse set out in Wynn, supra. According to Wynn, a claimant satisfies his burden of establishing a good cause excuse for the health care provider’s failure to honor the statutory reporting requirements:
when he has presented evidence disclosing that the employer has conducted itself so inconsistently as to have waived its right to rely on those requirements as a defense to the claim. Watson v. Freeman Decorating Co., 455 So.2d 1097, 1101 (Fla. 1st DCA 1984). Such evidence will show (1) the employer’s knowledge of the claimant’s condition and of the fact that benefits were being provided by a specific health care provider, (2) its acquiescence in the treatment, and (3) its disavowal of its responsibility to furnish medical benefits because of a violation of the reporting provisions. The employer must then demonstrate how it was prejudiced by the reporting failure. Watson at 1101.
483 So.2d at 552-553. The evidence in the instant ease indicates that the carrier had knowledge of Drs. Dinner’s and Aver-buch’s treatment of the claimant, and that it disavowed its responsibility to furnish medical benefits because of the untimely filing of bills and reports, but does not support a finding that the carrier acquiesced or assented to claimant’s medical treatment.
We disagree, however, with the JCC’s apparent conclusion that the three-pronged test set out in Wynn was the only manner in which the claimant could have established good cause for failure to comply with the statutory reporting requirements. The good cause language contained in section 440.13(2)(b) has appeared in the workers’ compensation statutes since at least 1961. Although the 1986 Wynn decision did supersede earlier case law in a temporal sense, the Wynn decision did not abrogate or replace those earlier cases. In fact, the three-pronged test set out in Wynn did not originate in that case, but was taken directly from Watson v. Freeman Decorating Co., 455 So.2d 1097 (Fla. 1st DCA 1984). Watson, in turn, specifically indicates that the three-pronged test is not the only method by which a claimant may establish good cause, but that it is merely a method for establishing waiver, which in turn constitutes only one variety of good cause.
The type of evidence necessary to meet the burden may vary in a given case. Thus, in certain cases, the claimant may satisfy his burden simply by presenting evidence of an employer’s pattern of conduct which may be so incongruent with its reliance upon a reporting violation as to be considered a waiver of such defense.
[[Image here]]
We consider that the concept of waiver has since been subsumed within that of good cause; that it is now a species of excusal for good cause.
[[Image here]]
The principle of waiver was often applied by early Florida Supreme Court decisions as a means of excusing the health care provider’s failure to file reports timely. The cases all reflect a recurring theme: the employer’s knowledge of the claimant’s condition and of the fact that benefits were being provided by a specific health care provider; its acquiescence in *540 the treatment, and its disavowal of its responsibility to furnish medical benefits because of a violation of the reporting provisions.
455 So.2d at 1100-1101.
At the October 1989 hearing, the claimant presented several pre-Wynn cases to the JCC which, it argued, supported a finding of good cause for the doctors’ failure to comply with the ten-day reporting requirement. In particular, the claimant argued the application of Ringling Bros.-Barnum & Bailey Circus v. Jones, 134 So.2d 244 (Fla.1961), in which the supreme court held that the employer had waived the ten-day reporting requirement by its own pattern of conduct, which included failure to file certain reports required by the workers’ compensation statute, failure to provide medical treatment for the claimant, failure to provide weekly benefits after it was given notice of the injury, and failure to file a proper notice to controvert. The court found the employer’s conduct to be “so inconsistent and unreasonable that by its conduct it waived the [statutory reporting] requirements_” 134 So.2d at 246.
The JCC in the instant case noted Ringling Bros, in his order, but stated “Although I do note that factual similarity, I do not find the case controlling due to the superseding case authority presented by the employer/carrier.” The JCC then went on to hold that the claimant was required to establish good cause via the three-pronged Wynn test, and that she had not done so. Since it was error to rely exclusively on Wynn, we reverse and remand for reconsideration of the evidence in light of the other cases presented by the claimant, particularly the Ringling Bros. case.
We affirm the issue raised on cross appeal, finding ample evidence in the record to support the JCC’s finding of compensa-bility.
AFFIRMED in part; REVERSED and REMANDED.
BOOTH and ALLEN, JJ., concur.